(No. 41899.—

PHYLLIS FIORITO *et al., vs.* THEODORE A. JONES, Director of Revenue *et al.,* Appellees.—(ALICE M. GAFFNEY *et al.,* Appellants.)

*Opinion filed March 24, 1970.*

MICHAEL M. PHILLIPS and FREDERICK J. HERTZ, both of Chicago, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and HERMAN R. TAVINS, Assistant Attorneys General, of counsel,) for appellee Director of Revenue.

EDWARD A. BERMAN and LEWIS W. SCHLIFKIN, both of Chicago, for appellees S. Hershenson and Carol Geier.

Mr. JUSTICE CREBS delivered the opinion of the court:

In *Fiorito* v. *Jones,* 39 Ill.2d 531, we affirmed the judgment of the circuit court of Cook County holding unconstitutional the 1967 amendments to the Service Occupation Tax Act (Ill. Rev. Stat. 1967, ch. 120, par. 439.101 *et seq.*), the Service Use Tax Act (Ill. Rev. Stat. 1967, ch. 120, par. 439.31), and the Municipal and County Service Occupation Tax Acts (Ill. Rev. Stat. 1967, ch. 24, par. 8—11—5 and ch. 34, par. 409.2), as well as articles I, II, and III of the Department of Revenue's Rules and Regulations which implemented those amendatory acts. As to the protest fund which had been created after the circuit court had entered an injunction ordering the taxes collected under those amendatory acts be temporarily impounded and withheld by the State Treasurer from the General Revenue Fund, we held that the servicemen deemed taxable by those amendatory acts or the purchasers from such servicemen constituted a class which had borne the burden of the unlawful tax collected under those acts and that the plaintiffs properly represented this class in seeking refund of the taxes unlawfully collected. We then remanded the cause to the circuit court to determine which members of the class are entitled to refunds.

About five months after this cause had been remanded for a determination of refunds, Alice M. Gaffney and Bernard Hammer filed their petition for leave to intervene. The trial court denied their petition and they have appealed directly to this court. The original plaintiffs and defendants have each filed a brief in opposition to this attempted intervention.

The Gaffney-Hammer petition alleges that the class of taxpayers presently represented by the plaintiffs does not include those purchasers who paid the unlawful tax "but not as a separate identified charge." They seek to represent this alleged class.

The original *Fiorito* opinion makes it clear that there is a single class of taxpayers entitled to a refund of the unlaw-

fully collected taxes; that the persons coming within this class are those who bore the burden of the tax; that those who bore the burden of the tax would be either the serviceman deemed taxable by the amendatory acts or the purchaser from such serviceman; that the plaintiffs properly represented the class entitled to refund in this action and that all that remained was for the trial court to determine which servicemen or purchasers had borne the burden of the tax and were entitled to a refund. The only factor which is determinative of whether the purchaser is entitled to a refund is whether he bore the burden of the tax and not whether he bore it as a "separate identified charge" or as a so-called "hidden charge." Thus, the purchaser who may have borne the tax as a "hidden charge" is in the same class as the purchaser who bore it as a "separate identified charge" and is properly represented by the present plaintiffs.

Gaffney and Hammer argue, nevertheless, that they should be permitted to intervene as a matter of right because the representation by the present parties is inadequate. Section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 26.1) does provide that "Upon timely application anyone shall be permitted as of right to intervene in an action * * * when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action * * *." However, the applicant must show that the existing parties' representation is inadequate.

The major charge of inadequate representation by Gaffney and Hammer is the allegation that the existing parties are about to ignore or waive the payment of interest on the tax money to be refunded. To support this allegation they first point out that section 17 of the Service Occupation Tax Act (ch. 120, par. 439.117) and section 17 of the Service Use Tax Act (ch. 120, par. 439.47) each provides in part: "Any credit or refund that is allowed under this Act shall bear interest at the rate of $\frac{1}{2}$ of 1% per month or

fraction thereof from the date when the erroneous payment for which the credit or refund is being allowed was made to the Department until the credit memorandum is issued or the refund is paid." They then contend that none of the parties sought, and the trial court did not order, the State Treasurer to pay this ½ of 1% per month interest to the court appointed trustee and depository of the protest fund.

There is absolutely nothing in the record to substantiate the allegation that the existing parties are going to ignore or waive the payment of statutory interest on the money to be refunded. The order directing the State Treasurer to pay the protest fund to the trustee has not been included in the record before us. One of the Gaffney-Hammer reply briefs states that the trial court "entered its loose order on January 30, 1969, failing  *  *  *  to specify the payment of ½% per month on the fund as provided by statute." The trustee in its *amicus* brief states: "The Trial Court Order of January 30, 1969, directs the Treasurer of the State of Illinois to '*  *  *  pay or transfer to the Trustee appointed herein, the entire amount including any and all accrued interest as provided by the statutes and laws of this State, held by him in the Protest Fund  *  *  *.' " Furthermore, there is nothing in the record to show what funds were delivered by the Treasurer to the trustee.

There are no other allegations of inadequate representation by the existing parties in the petition for leave to intervene filed by Gaffney and Hammer. In their pleadings filed with this court they have leveled several criticisms at the plan for making refund devised by the trial court and the management of the protest fund by the trustee. However, the order establishing the procedure for making refund has not been made a part of the record nor have any of the trustee's reports to the court been included in the record.

The record before us fails to establish that Gaffney and Hammer are entitled to intervene in this cause. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*