MISSISSIPPI BLUFF MOTEL, INC., Plaintiff-Appellee, *v.* THE COUNTY OF ROCK ISLAND, Defendant-Appellee.—(THE STATE OF ILLINOIS *ex rel.* THE DEPARTMENT OF CONSERVATION, Petitioning Intervenor-Appellant.)

Third District    Nos. 80-660, 80-268 cons.

Opinion filed April 29, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (William J. Barzano, Jr., Assistant Attorney General, of counsel), for appellant.

Dorothea O'Dean and Stewart R. Winstein, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

Mississippi Bluff Motel, Inc., the plaintiff, brought a declaratory judgment action against the county of Rock Island. The plaintiff claimed the county's zoning ordinance was invalid as applied to its land. The State of Illinois, by its Department of Conservation, appeals from an order denying it leave to intervene in that cause.

The facts are clear. Mississippi Bluff Motel, Inc. (Bluff Motel) owns a 14-acre tract of land in Rock Island County. On it plaintiff wants to build a 100-room motel complex. To do this a zoning change from rural agriculture to general commercial is necessary. The property is adjacent to the Oak Valley Bald Eagle Refuge. This latter acreage serves as a winter haven for our national bird, the bald eagle. The Refuge consists of four privately owned tracts of land. Two of these belong to the National Wildlife Federation (the Federation). No part of the adjoining four parcels is owned by the State of Illinois or the United States.

After Bluff Motel filed a rezoning request, a hearing commenced before the Rock Island County Zoning Board. The hearing produced conflicting opinions. Evidence adduced indicated, however, that the land was not suitable for farming due to poor drainage and steep inclines. Although Bluff Motel planned to insert a 500-foot buffer zone between

the motel and the Refuge, the Federation said motel construction would cause the eagles to leave. Community interest against the requested rezoning was spirited. The State of Illinois, through the Department of Conservation (the State), did not appear at the hearing. The rezoning request was denied.

On February 18, 1980, Bluff Motel filed an action against the county of Rock Island claiming its zoning ordinance was unconstitutional as applied to its land. In separate petitions the Federation and the State sought to intervene as defendants. In a single order the trial judge denied both petitions. He concluded neither party had an interest in the action. Also, he determined that allowing intervention was unnecessary to decide the case, would present new issues to the proceeding, and delay its timely outcome.

What does this appeal involve? It does not concern the propriety of the Zoning Board's refusal to rezone Bluff Motel's property. Nor before us is the trial court's disposition of plaintiff's attempt to overturn that decision. Likewise, we do not consider whether denying the Federation leave to intervene was error, since it did not appeal that order. The issue this appeal presents is a narrow one. The sole question presented is whether the State should be allowed to intervene as a party.

The Civil Practice Act provides that upon timely application a person has a right to intervene if: (1) a statute confers an unconditional right to intervene; (2) the representation of the intervenor's interest by an existing party in the cause is or may be inadequate, and he will be bound by the judgment; or, (3) the intervenor would be adversely affected by a disposition of property in the court's control. Ill. Rev. Stat. 1979, ch. 110, par. 26.1.

■■ ■ The intervenor's interest in the suit must be more than a general one. (*Cooper v. Hinrichs* (1957), 10 Ill. 2d 269, 277.) It need not be direct, but it must be enforcible within the periphery of the present lawsuit. Intervention whether it be of right or permissive is not an independent action. As a procedural device it is ancillary to the main cause and cannot create a new lawsuit in an already existing one.

The State has an obligation to preserve the wildlife resources of Illinois. Required to enforce the Endangered Species Protection Act (Ill. Rev. Stat. 1979, ch. 8, par. 331 *et seq.*) and other State and Federal conservation laws, the State urges, it has an interest in all matters influencing the discharge of that duty. It is claimed that since the erection of a motel complex may affect the habitat of the bald eagle, an endangered species, the State should be allowed by right to intervene in this zoning case. The State claims its standing to assert this argument rests in its power to represent the People's interest in conserving the bald eagle and its sur-

roundings. Moreover, it is argued, this interest cannot be adequately represented by the Rock Island County State's Attorney Office.

The threshold inquiry is whether the State's intervention petition complies with the statute. Our research has not produced a statute which accords the State an unconditional right to intervene in the judicial review of a zoning proceeding. Admittedly, no State property is involved in this lawsuit, and no State property would be affected by the rezoning if a rezoning should occur. The State may intervene by right only if it has a recognizable interest not adequately represented by an existing party in this litigation.

Neither statute nor case has been cited to this court which would authorize this intervention. The State argues, however, that the doctrine of *parens patriae* should authorize intervention. This Latin phrase means literally father of his country. It was coined to refer to the sovereign's power of guardianship over persons under disability such as minors, and insane and incompetent persons. The doctrine has been extended in the Federal courts to cover some additional categories, none of which have anything to do with zoning.

We do not agree with the State that it has standing to intervene in this action in its *parens patriae* capacity. *Parens patriae* cannot be *ad fundandam jurisdictionem*. The zoning question is *res inter alios acta*.

The State has no recognizable interest in this litigation. It is not appearing for a class of persons who require State protection such as juveniles or mental patients. It has no ownership in any real estate affected by the litigation. It is not an adjoining landowner. The State could not bring an original action against any present conduct attributable to Bluff Motel. The nature of the interest the State desires to protect is speculative and the immediacy of harm to that interest is nonexistent.

The impact of a motel on the Refuge was covered at the zoning hearing. This alone does not permit the State to construct a right to intervene in judicial review of the decision the hearing produced. In reviewing that decision, the trial court's focus is only the constitutionality of the county zoning ordinance. While the Federation, as owner of a portion of the Refuge, has an interest in the environmental impact of the motel complex on the Refuge, the State does not.

In addition to lacking a recognizable interest, the State has failed to show that representation of its interest by the Rock Island State's Attorney was unfit. Such a burden will not be met by a mere conclusory allegation that trial counsel is ineffective. The record must reflect the allegation of incompetency. (*Fiorito v. Jones* (1970), 45 Ill. 2d 15, 18.) By statute the State's Attorney's Office represents the county in zoning matters. (Ill. Rev. Stat. 1979, ch. 14, par. 5.) The Department of Conservation's position is

identical to the State's Attorney's: namely, the zoning ordinance as applied to Bluff Motel's land is constitutional. Although their reasons for upholding the ordinance may not exactly coincide, the resolution each desires is the same. Therefore, whether representation is inadequate depends not on who the State's lawyer is, but whether that attorney has conflicting interests, is incompetent, or argues in bad faith. *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.* (1967), 386 U.S. 129, 154-57, 17 L. Ed. 2d 814, 829-31, 87 S. Ct. 932, 946-48 (Stewart, J., dissenting opinion).

Absent in the record is any indication the State's Attorney was incompetent. Pleadings were answered in a timely fashion with attention to detail. The record shows that he opposed Bluff Motel's constitutional attack. The record does not reflect any collusion by the State's Attorney's office and the plaintiff corporation. No prejudice resulted to the Department of Conservation by the trial advocacy of the State's Attorney's office.

County zoning, while grounded in enabling State statutes, is legislation enacted by the county. Many counties in Illinois do not have county zoning. In counties without zoning, there would have been no restriction restraining Bluff Motel from going ahead with construction. In Rock Island County, which has its own zoning ordinance which is the subject of this proceeding, there is no reason to conclude that the State's Attorney of Rock Island County cannot adequately represent his county's interest in its own zoning ordinance.

■■ Alternatively, the State claims the trial court abused its discretion by refusing intervention by permission. We disagree. Permissive intervention, by definition, lies in the sound discretion of the trial court. Unless there is a clear abuse of discretion, the trial court's judgment will not be disturbed. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373.) Permission to intervene can only be granted in the discretion of the trial court where: (1) a statute confers a conditional right to intervene; or, (2) the intervenor has a claim or defense in common with a question of law or fact in the main action (Ill. Rev. Stat. 1979, ch. 110, par. 26.2).

We have discovered no statute giving the State a conditional right to intervene in this litigation. The identifiable claim it seeks to interpose rests in its duty to protect the habitat of an endangered species. This contention is misplaced.

■■ Adjoining landowners possess rights which may be adversely affected in a declaratory judgment action seeking to construe a county zoning ordinance. (*University Square Ltd. v. City of Chicago* (1979), 73 Ill. App. 3d 872, 878.) But, as previously noted, the State, or the People of Illinois, have neither a legal right in the Oak Valley Refuge, nor own property

adjacent to the Bluff Motel tract. The Refuge is privately owned. The State has no claim or defense which is common to the proprietary interests Bluff Motel possesses. Furthermore, its position with respect to the ordinance's constitutionality was adequately maintained by the State's Attorney's office. The Department of Conservation cannot define the scope and extent of its power with respect to private ownership of land. Without more, where a private party performs no act which violates the law, the Department of Conservation cannot intervene in a zoning case in an effort to deprive that person of the use and enjoyment of his land merely because of an alleged environmental or ecological claim.

The record discloses Bluff Motel has done nothing more than seek to litigate its inherent right to use its land in a reasonable manner. There is no present detriment affecting the State by plaintiff's fundamental right to attempt to use its property for reasonable development purposes.

Allowing the State to intervene in this case on its theory of *parens patriae* capacity would mean that in any private, civil dispute, the State could become a party if it believed the suit's outcome might have some alleged adverse consequences of an environmental or ecological nature. Such a proposition would create an opportunity for the State to intervene in any lawsuit virtually without limitation and without restriction and in derogation of the Civil Practice Act. We think that would be bad law. It would represent an unwarranted intrusion by the State into the private affairs of our citizenry. It would further increase the cost and delay of litigation.

We must again remind ourselves that this is a zoning case. It is not a pollution case. It is not a nuisance case. It is not a conservation case. In passing, it should be noted that Bluff Motel does not have an obligation to dedicate its property for the use and benefit of bald eagles, white-tailed deer, or any other species. They have a right to develop and use their property as they see fit so long as they comply with applicable laws. Our Federal Constitution provides that private property shall not be taken for public use without compensation. The State has the option of following established condemnation procedures to acquire the Bluff Motel property if it wants to make it a public park.

Accordingly, for the reasons stated, we conclude that the trial court properly denied the State's petition to intervene.

Affirmed.

ALLOY and STOUDER, JJ., concur.