In re MARRIAGE OF BARBARA JEAN JOHNSON, Petitioner, and RALPH JOHNSON, Respondent-Appellee.—(THE DEPARTMENT OF PUBLIC AID, Intervening Petitioner-Appellant.)

Third District    No. 80-392

Opinion filed June 22, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellant.

Bernard Engels and Craig M. Armstrong, both of Ottawa, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This case involves the assignment of child support payments to the Illinois Department of Public Aid (the Department) by operation of law by Barbara Johnson, a public aid recipient. The Department of Public Aid, intervenor, appeals an order preventing its collection of child support arrearages from the father, Ralph Johnson. The facts, spanning several years of hearings, are tedious: the issue they present is simple.

Barbara and Ralph Johnson were divorced by a La Salle County Circuit Court in April 1973. Their marriage produced six children. As part of the divorce decree Mr. Johnson was required to pay $60 a week for

child support. Because he did not pay, his wife received aid from the Department for most of 1973 and the following four years. During that time Barbara Johnson was in court on several occasions to enforce the child-support provisions of the divorce decree. By order dated June 1, 1976, the Department was allowed to intervene as a party. All child support payments due and owing by Ralph Johnson were ordered henceforth to be paid directly to the Department. The latter's interest accrued by virtue of Ms. Johnson's assignment to the Department of all her rights to child support by acceptance of public aid. Ill. Rev. Stat. 1979, ch. 23, par. 10—1.

In December 1978, Ms. Johnson filed a petition alleging arrearages of $1290. Notice of the hearing was sent to Mr. Johnson and his lawyer, but not the Department. Following the hearing, the circuit court entered an order on January 3, 1979, incorporating an agreement between the Johnsons. This agreement reduced the amount owing to $340. The Department was not a party to this agreement.

In February 1980, Ms. Johnson was back in court alleging arrearages of $4500. Notices thereof were forwarded to Mr. Johnson and the Department. The Department contended, *inter alia*, that it could recover all unpaid child support owing to Ms. Johnson while she was a public aid recipient. The Department also argued that the court's January 3, 1979, order was void since the Department had no notice of the hearing which resulted in that order. Following a second hearing on May 8, 1980, the court held that although Barbara Johnson had assigned her interest in support payments to the Department, the Department was bound by the court's order of January 3, 1979, even though they had no notice.

From this order the Department appeals.

■■ It is understood that an intervenor has all of the rights of an original party. (Ill. Rev. Stat. 1979, ch. 110, par. 26.1(6).) They are entitled to notice of any motions or hearings. This is basic procedural due process of law. Its central meaning is clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." (*Fuentes v. Shevin* (1972), 407 U.S. 67, 80, 32 L. Ed. 2d 556, 569, 92 S. Ct. 1983, 1994.) As such, the Department was entitled to notice of all actions taken subsequent in its intervention on June 1, 1976, in this matter.

On January 3, 1979, the circuit court entered an order which represented a compromise between Ralph and Barbara Johnson of the amount of child-support arrearage owed by Ralph Johnson. The arrearage was for much, if not all, of the time Barbara Johnson was on public aid. The order established the arrearage amount at $340, less than 8% of the amount actually owed. Modification as to future child support was agreed to between the parties.

■■ It is clear that the Department did not receive notice of any motions or hearings which resulted in the January 3, 1979, order which affected rights of the Department. Whenever a party has been omitted whose presence is so indispensable to a decision upon the merits that an order cannot be made without materially affecting his interests, the court should not proceed to a decision on the merits. (*National Bank v. S.N.H., Inc.* (1975), 32 Ill. App. 3d 110.) This requirement of joinder of necessary parties is absolute.

■■ Thus, the order entered on January 3, 1979, which established a compromise arrearage and modification of future support obligation without notice to the Department is void.

Accordingly, we reverse the order and remand to the La Salle County Circuit Court for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded.

ALLOY and BARRY, JJ., concur.