Gladys BURNHAM et al.

v.

**WASHINGTON TRUST CO.**

**No. 80–287–Appeal.**

Supreme Court of Rhode Island.

June 11, 1982.

his wife's car.

Frank S. Cappuccio, Westerly, Thomas H. Eyles, Pawcatuck, Conn., for appellees.

Harold B. Soloveitzik, John J. Turano, Westerly, Gerald C. DeMaria, Providence, for appellants.

## OPINION

KELLEHER, Justice.

This matter comes before us on the appeal of Randall H. Dawley and Frances R. Turner from several Superior Court orders entered in connection with the administration of the testamentary trust of Lucy E. Rice by the trustee, Washington Trust Company (Washington Trust). The substantive legal issues involved in the lower-court action are straightforward. The procedural history of the litigation, however, is a tangled web of motions and counter-motions by counsel representing the various participating parties. It is this tortuous procedural course that forms the basis of Dawley's and Turner's grievance.

The trust in issue provided for semiannual payments of the trust income to Lucy A. Dawley during her lifetime and, upon her death, for the distribution of the principal among her then-living children and the children of her two brothers. Lucy Dawley died on August 30, 1973, survived by her son, Randall Dawley. Frances Turner is the daughter of the late Frank Rice Randall, a brother of Lucy Dawley. Hence, both Dawley and Turner are beneficiaries of the trust estate. The remaining beneficiaries are the heirs of Addie R. Burnham, Frank Rice Randall's other daughter. They are Gladys Burnham, Arthur Burnham, Hadley D. Burnham, Eleanor Burgess, and Shirley White Pereira. We shall hereafter refer to these latter beneficiaries collectively as the Burnham group or the Burnhams.

The Superior Court action commenced on July 28, 1977, with the filing of a complaint by the Burnham group against Washington Trust in its capacity as trustee for failure to distribute the trust assets despite the termination of the trust nearly four years earlier. The Burnhams charged that the trustee had been negligent in the performance of its duties, had failed to render a final accounting, and had wrongfully withheld the trust corpus from the rightful beneficiaries. By way of relief they sought the removal of the trustee, the distribution of the corpus, damages for wrongful delay in distribution, and the costs and attorney's fees expended in prosecuting the action. In addition to answering the complaint, Washington Trust instituted a separate action in the Superior Court on November 3, 1977, seeking the court's construction of the trust instrument and its instructions on the proper manner in which the estate should be distributed among the beneficiaries. All the beneficiaries of the trust were named as defendants in this action. Thereafter Dawley and Turner sought to intervene in the original trustee-negligence suit.

After these cases had been pending for more than a year, the beneficiaries apparently reached agreement on the appropriate distribution of the trust assets. The parties stipulated that Dawley, Turner, and the Burnhams were each entitled to one-third of the corpus, the latter group to divide its one-third distributive share equally among its members. An order was entered on April 24, 1979, to this effect pursuant to a consolidated hearing in both actions. With respect to the trustee-negligence suit, the

order continued all issues raised in the complaint for either a full hearing at a later date or for reference to a master at the trial justice's discretion. Of particular significance to this appeal, the court by this order decreed that Dawley and Turner were "interested and necessary parties" for purposes of the trustee-negligence suit and expressly provided that the matter of counsel fees associated with the various motions argued before the court and in connection with the institution of the action against Washington Trust was "hereby left open."

Later, in November 1979, counsel for the Burnhams and Washington Trust filed a joint motion for compromise and settlement of the negligence suit against Washington Trust. This motion included a request that the court award attorneys' fees to both counsel. Dawley objected to the motion on the ground that the setting of counsel fees was inappropriate at this juncture of the proceedings because the trustee had not yet filed an accounting of the trust estate. The record discloses that a proposed order was submitted with the motion to compromise the case and its attendant request for counsel fees, which order tracked the general provisions of the prior April 24, 1979 order with some modifications. Most pertinent for purposes of our review, this order once again specified that the question of attorneys' fees as well as the issues relating to the trustee's performance of its duties were continued for a hearing before a master. Initially this order was approved by the court on December 3, 1979. At the hearing on the objection to the motion for compromise and fixing of counsel fees, Dawley's counsel charged that no notice of this newly submitted order had been sent to him or Turner's counsel. The trial justice denied the objection, noting only that the order had already been entered.

The events unfolding after the completion of this hearing are somewhat hazy. Apparently the trial justice revoked his earlier approval of the order. The copy contained in the record indicates that the justice's signature has been crossed out and the notation "order denied 12–3–79" added along with the justice's uncanceled signa-ture. On this same day a substitute order was entered stating simply that the motion for compromise and fixing of counsel fees was granted. Counsel for Dawley and Turner assert that this substitute order was obtained *ex parte* without any notice to them. The record substantiates this allegation. As a consequence, counsel for Dawley moved to vacate the order, and a hearing thereon was assigned for January 7, 1980. In the interim, counsel for the Burnhams and for Washington Trust submitted affidavits to the court in support of their request for counsel fees. An order awarding each counsel $6,000 in fees was entered on January 4, 1980. The record reveals that this order was also obtained without notice to Dawley or Turner and without an opportunity for a hearing.

Later, when the hearing on the motion to vacate the *ex parte* order of December 3, 1979, was held, the trial justice denied the motion, indicating that he had heard counsel's arguments before and again referring to the fact that the order had already been entered. In connection with this hearing, he also awarded fees of $250 each to counsel for the trustee and for the Burnhams to be paid by Dawley. Confronted with the trial justice's persistent refusal to consider arguments about the impropriety of the *ex parte* orders and the additional award of $500 in attorneys' fees as a result of efforts to have these orders vacated, Dawley and Turner filed an appeal with this court. At the behest of the Burnhams and Washington Trust, the trial justice dismissed these appeals as premature in light of the interlocutory nature of the orders. Thus Dawley and Turner were left with no choice but to challenge the January 4, 1980 award of $12,000 in fees to opposing counsel at the trial-court level pursuant to Rule 60(b) of the Superior Court Rules of Civil Practice. Objections to their motion were filed on February 28, 1980, and the matter was assigned for hearing on March 3, 1980. The following day, February 29, the trustee filed a final account with an application for the court's approval and an order to distribute the balance of the funds in the estate.

Under the general rules of practice governing litigation in the Superior Court, notice must be given to all parties to the proceedings at least five days before the scheduled hearing on such application. *See* Super.R.Civ.P. 6(c). In the instant proceedings, however, the trustee's application included a request to dispense with the requisite time period, claiming that adherence to the notice provisions of the rule would result in further delay in the final distribution of the corpus. Counsel for the trustee admits that he mailed a copy of the application to Dawley and Turner on Friday, February 29, notifying them of the hearing on this matter that coming Monday, March 3; at oral argument counsel for the trustee conceded that Dawley and Turner did not receive this notice until Tuesday, March 4.

When Dawley's and Turner's counsel appeared before the trial court on March 3 primed to argue the motion to set aside the *ex parte* $12,000 counsel-fee award, they were confronted for the first time with the matter of the final account. They vigorously pressed their objection to the court's consideration of the trustee's application, bringing to the trial justice's attention the fact that in addition to the lack of prior notice they had not yet even seen a copy of the final accounting. It should be noted that the sum of $12,000 in fees for counsel to the trustee and the Burnhams was included in the itemization of expenses listed in the account schedules. Exclusive of this expense, the estate was valued at $49,070.28 for purposes of distribution to the beneficiaries. The trial justice inquired if counsel objected to the final account on any grounds other than the counsel-fee item. Counsel again emphasized that as beneficiaries their clients were entitled to review thoroughly all seven schedules contained in the account and that, without having been given this opportunity, counsel could not intelligently respond to the court's query without jeopardizing their clients' interests. To this the trial justice responded, "The Court approved the account. You may take an exception. Take it up to the Supreme Court." Counsel's attempts to vacate the *ex parte* counsel-fee award fared no better.

Our recitation of the laborious procedural contest in the lower court finally concludes with the March 10, 1980 hearing on Dawley's motion to strike the order approving the trustee's final account. It comes as no surprise that the trial court denied the motion, characterizing it as merely a "rehash" of counsel's prior motions. In his order of March 17, 1980, entered pursuant to this hearing, the trial justice assessed further fees to counsel for the Burnhams and for the trustee in the amount of $200 each to be paid out of Dawley's distributive share of the estate.

Essentially, we now have before us for review the trial justice's following orders: (1) the orders of January 4, 1980, awarding $12,000 in fees to the trustee's and the Burnhams' counsel, (2) the January 10, 1980 judgment denying Dawley's motion to vacate the *ex parte* counsel-fee award and taxing further fees in the amount of $500 against Dawley, (3) the order of March 4, 1980, approving the final account and distribution of the corpus as set forth in the account, and (4) the decision and order of March 17, 1980, refusing to set aside approval of the final account and assessing additional attorneys' fees of $400 against Dawley's distributive share of the estate. We hold that these orders cannot stand.

■ We need address but a single issue in order to dispose of this controversy: Are beneficiaries of a trust entitled to notice and an opportunity for a hearing in *all matters* arising during the course of litigation involving the estate once they have been joined in the court action as "interested and necessary" parties? Unequivocally, the only legally correct answer is "Yes."

Counsel for the Burnhams and Washington Trust defend their actions in obtaining the *ex parte* counsel-fee award and the order approving the trustee's final account without adequate notice to Dawley and Turner by relying on the distinction drawn by Super.R.Civ.P. 19 between "necessary" and "indispensable" parties. They note that parties are deemed indispensable only when their rights or interests are so inex-

tricably tied to the action that their " 'interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon * *.' " *Anderson v. Anderson,* 109 R.I. 204, 215, 283 A.2d 265, 271 (1971). Conversely, if a judgment can be rendered affirmatively affecting the rights of the parties before the court without prejudicing the rights of interested persons who are not before the court, then such other parties may be defined as necessary rather than indispensable parties. *Doreck v. Roderiques,* 120 R.I. 175, 179–80, 385 A.2d 1062, 1064–65 (1978). Since Dawley and Turner are merely necessary or interested parties, it is urged, they were not entitled to notice of the various motions in question.

■ Counsel's observations that an action may proceed in the absence of persons who would qualify merely as necessary or interested parties is correct. They fail to perceive, however, that in the context of the case at bar their argument completely misses the mark. The dichotomy between "indispensable" and "necessary" parties is relevant only when persons having an interest in the proceedings are not parties to the action. *See* 1 Kent, *R.I.Civ.Prac.* § 19.2 (1969). This is not the situation presented here. Dawley and Turner were formally joined as parties to the Superior Court trustee-negligence suit and took an active role throughout the entire course of the proceedings. Irrespective of their classification under Super.R.Civ.P. 19, once they were granted the right to intervene in the action, they became parties for all purposes with the same rights afforded original parties to the cause. *Greenhut Construction Co. v. Henry A. Knott, Inc.,* 247 So.2d 517, 519–20 (Fla.Dist.App.1971); *In re Marriage of Johnson,* 97 Ill.App.3d 634, 635, 53 Ill. Dec. 72, 73, 423 N.E.2d 264, 265 (1981); *Beard v. Jackson,* 502 S.W.2d 416, 419 (Mo. App.1973); *see also* 7A Wright & Miller, *Federal Practice and Procedure :* Civil § 1920 at 611 (1972).

■ As intervening parties, Dawley and Turner were entitled to adequate notice and a hearing on the opposing parties' motions for counsel fees and the trustee's application for approval of the account in accordance with the usual rules of court procedure. The Appellate Court of Illinois aptly summarized the law in this regard when faced with an analogous situation in *In re Marriage of Johnson,* 97 Ill.App.3d at 635, 53 Ill.Dec. at 73, 423 N.E.2d at 265:

"It is understood that an intervenor has all of the rights of an original party. They are entitled to notice of any motions or hearings. This is basic procedural due process of law. Its central meaning is clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' (*Fuentes v. Shevin* (1972), 407 U.S. 67, 80, 32 L.Ed.2d 556, 569, 92 S.Ct. 1983, 1994)." [Citation omitted.]

■ We can think of no more appropriate vehicle to elucidate these fundamental principles of due process than the proceedings presently under review. Dawley and Turner have repeatedly challenged the propriety of granting attorney's fees to Washington Trust given the nature of the Superior Court action, to wit, the removal of the trustee for negligent performance of its duties and damages for wrongful withholding of the beneficiaries' distributive shares. They contend that the issue of the trustee's attorney's fees is properly limited to the subsequently filed will-construction suit. *See* G.L.1956 (1969 Reenactment) § 9–14–25. This argument raises significant legal questions, and Dawley and Turner should be afforded an opportunity for a meaningful hearing on its merits. We also note that G.L.1956 (1981 Reenactment) § 18–6–4 expressly requires notice of a trustee's application for allowance of the estate account to all persons entitled to share in the income or principal of the trust to which the account relates. Lastly, we cannot lose sight of the relatively large sum of fees awarded to the Burnhams' and Washington Trust's counsel in comparison with the val-

ue of the corpus to be distributed—slightly more than $49,000—from which these fees are to be paid. As previously mentioned, $900 of the $12,900 counsel-fee assessment is to be paid out of Dawley's distributive share alone. Clearly, the total award considerably depletes the amount of funds available for distribution to Dawley and Turner, thereby giving them a significant interest in litigating the matter of counsel fees due the opposing parties.

Consequently, the appeal by Dawley and Turner is sustained, the orders appealed from are vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.