*In re* MARRIAGE OF MINNIE CONWAY, Petitioner-Appellee, and KEVIN CONWAY, Respondent-Appellee (The Department of Public Aid *et al.*, Intervening-Appellants).

Fifth District No. 5—83—0617

Opinion filed January 8, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spaulding, Assistant Attorney General, of Chicago, of counsel), for appellant Department of Public Aid.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellant John R. Sprague, *pro se.*

No brief filed for appellees.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

The Illinois Department of Public Aid (IDPA) and attorney John R. Sprague have perfected this appeal from an order of the circuit court of St. Clair County dismissing their claims against respondent, Kevin Conway. Both were dismissed on the grounds that respondent's remarriage to petitioner, Minnie Conway, deprived the circuit court of jurisdiction. On appeal, IDPA and Mr. Sprague allege that the circuit court retained jurisdiction over their claims because the claims existed prior to the remarriage and, thus, the remarriage of the parties could not extinguish them.

The following facts are relevant to our disposition. On October 28, 1982, a judgment of dissolution of marriage was entered. This judgment provided in pertinent part that Kevin Conway would pay Minnie Conway child support and would pay Minnie Conway's attorney, John R. Sprague, $400 in attorney fees after the sale of the marital home.

On January 12, 1983, Minnie Conway, through attorney Sprague, filed a petition for citation for contempt, requesting a judgment for unpaid sums due and attorney fees. The petition alleged in part that respondent was in arrears on his child support payments. Prior to the hearing on this petition, the IDPA filed a petition to intervene. This petition alleged that: (1) Minnie Conway had been receiving aid to families with dependent children since August 1981; (2) Minnie Conway had assigned all right, title, and interest in the child support to IDPA in return for such aid; and (3) since Kevin Conway was found to be responsible for paying Minnie Conway child support in the dissolution decree, the IDPA was entitled to receive the support payment arrearages from Kevin Conway. The IDPA's petition to intervene was allowed on March 29, 1983.

On May 12, 1983, the circuit court ordered that Kevin Conway pay $701.40 in child support arrearages for March and April, 1983. On May 19, 1983, the circuit court further ordered that Kevin Conway pay $1,880 in child support arrearages incurred prior to "February 3, 1982," and $1,197.50 in attorney fees to Mr. Sprague in addition to the $400 fee previously awarded. We note that the IDPA concedes that this date is February 3, 1983, in spite of the fact that the order specifies February 3, 1982.

On May 13, 1983, Kevin Conway filed a motion to dismiss all proceedings on the grounds that he and Minnie Conway had remarried on May 7, 1983. On May 24, 1983, Kevin Conway moved to vacate the order of May 19, 1983, because (1) his remarriage to Minnie Conway deprived the court of jurisdiction, (2) the order was entered *ex parte*

without notice being given to Kevin Conway, and (3) several inaccuracies were present in the May 19, 1983, order.

On August 9, 1983, the circuit court granted Kevin Conway's motions to vacate and dismiss. The apparent basis for this decision was that the remarriage of Kevin and Minnie Conway deprived the circuit court of jurisdiction to enter the orders of May 12 and May 19, 1983, and of jurisdiction to hear further proceedings in the matter.

Section 10—1 of the Public Aid Code provides in pertinent part:

> "By accepting financial aid under this Code, a spouse or a parent or other person having custody of a child shall be deemed to have made assignment to the Illinois Department for aid under Articles III, IV, V and VII or to a local governmental unit for aid under Article VI of any and all rights, title, and interest in any support obligation up to the amount of financial aid provided. The rights to support assigned to the Illinois Department or local governmental unit shall constitute an obligation owed the State or local governmental unit by the person who is responsible for providing the support, and shall be collectible under all applicable processes." (Ill. Rev. Stat. 1981, ch. 23, par 10—1.)

Thus, by accepting aid to families with dependent children (Ill. Rev. Stat. 1981, ch. 23, par. 4—1 *et seq.*), the recipient automatically assigns, to the extent of the amount of such aid furnished by the governmental unit, all rights, title, and interest in support payments to the governmental unit furnishing the aid. Furthermore, an obligation to pay support owed to the governmental unit is imposed upon the person responsible for furnishing support to the Aid to Dependent Children (ADC) recipient. Thus, the assignment of support payments to the governmental unit and the creation of the responsible party's obligation to pay those support payments to the governmental unit result each time an ADC recipient receives aid.

It is alleged by IDPA that Minnie Conway received ADC during the time she was entitled to receive child support from Kevin Conway under the terms of the dissolution decree. The department urges that since the IDPA's right to support payments and Kevin Conway's obligation to pay support to IDPA came into existence each time Minnie Conway received ADC after the entry of the dissolution decree, the rights of IDPA and obligations of Kevin Conway arose prior to the remarriage.

■ The IDPA was permitted to intervene prior to the court granting respondent's motion for dismissal. As an intervenor, the IDPA had all of the rights of an original party to the action. (Ill. Rev.

Stat. 1983, ch. 110, par. 2—408(f); *In re Marriage of Johnson* (1981), 97 Ill. App. 3d 634, 635, 423 N.E.2d 264, 265.) Furthermore, an intervenor's claims may stand in spite of the fact that the primary issue is decided against the plaintiff and the original suit is dismissed. *Gage v. Cameron* (1904), 212 Ill. 146, 171, 72 N.E. 204, 214; *Seil v. Board of Supervisors* (1968), 93 Ill. App. 2d 1, 7-8, 234 N.E.2d 826, 830.

■■ ■ The Illinois courts have held that the remarriage of the parties to a divorce proceeding renders the divorce decree and all proceedings thereunder void in *Ringstrom v. Ringstrom* (1981), 101 Ill. App. 3d 677, 681, 428 N.E.2d 743, 746, and in *In re Marriage of Leon* (1980), 84 Ill. App. 3d 50, 52, 404 N.E.2d 1072, 1073. However, in both *Ringstrom* and *Leon*, the only persons affected by the dissolution decree and the proceedings thereunder were the parties themselves. In the instant case, the IDPA alleged a present and substantial monetary interest in the support payments ordered by the dissolution decree. Since the IDPA timely intervened and alleged a present and substantial monetary interest, and since an intervenor has a right to have his claims litigated on their own merits even when the primary issue is dismissed, the relief sought by the department should not have been denied on the grounds that the underlying proceedings had been terminated by the remarriage of the parties.

Regarding Mr. Sprague's claim for attorney fees, the applicable statute is section 508 of the Illinois Marriage and Dissolution of Marriage Act, which provides in pertinent part:

> "(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse ***;
>
> * * *
>
> (c) The court may order that the award of attorney's fees and costs hereunder be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and execution levied accordingly." (Ill. Rev. Stat. 1983, ch. 40, pars. 508(a) and (c).)

Thus, an attorney has the right to bring an action for fees in his own name. (See also *Gilmore v. Gilmore* (1979), 74 Ill. App. 3d 831, 837, 393 N.E.2d 33, 38.) In the instant case, Mr. Sprague asserts that he performed legal services for Minnie Conway prior to her remarriage to Kevin Conway for which he was not paid.

■ We are of the opinion that the trial court erred in dismissing the claims of the IDPA and Mr. Sprague in the case at bar. Although

remarriage of the parties renders the divorce decree and all proceedings thereunder void (*Ringstrom v. Ringstrom* (1981), 101 Ill. App. 3d 677, 681, 428 N.E.2d 743, 746; *In re Marriage of Leon* (1980), 84 Ill. App. 3d 50, 52, 404 N.E.2d 1071, 1073), the court in *In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322, 324, has determined that a circuit court retains jurisdiction to hear issues of attorney fees and to enter allowance for them in spite of the fact that the death of one of the parties resulted in an abatement of the dissolution proceedings. We are of the opinion that the same result should occur regardless of whether the dissolution of marriage proceedings abates by reason of the death of one of the parties or because of the remarriage of the parties.

We conclude, therefore, that the circuit court retained jurisdiction of the instant proceedings to adjudicate the claim of the IDPA and Mr. Sprague's petition for attorney fees regardless of the remarriage of the parties. Thus, it was error to dismiss either of said claims for lack of jurisdiction.

For the foregoing reasons, we reverse the dismissal of the claims of IDPA and John R. Sprague and remand this cause for further proceedings.

Reversed and remanded.

JONES and WELCH, JJ., concur.