JUDITH WINCHELL, n/k/a Judith Lane, Petitioner-Appellant, v. RUTH-ERFORD WINCHELL, Respondent (The Department of Public Aid, Intervening Petitioner-Appellee).

Third District   No. 3—85—0378

Opinion filed June 27, 1986.

William J. Thomas, of Henry Noetzel & Associates, of Peoria, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The petitioner mother, Judith Lane, f/k/a Judith Winchell, appeals from the order of the trial court denying her motion to vacate the court's prior order directing child-support payments from the respondent father, Rutherford Winchell, to the intervening petitioner, Illinois Department of Public Aid (the Department). We affirm.

Following the December 1971 dissolution of Judith's and Rutherford's (the parties') marriage, the court entered a series of orders concerning custody of and the father's payment of support for the parties' three children. In February of 1984, the Department petitioned to intervene, requesting that the clerk of the circuit court transmit to the Department the father's child-support payments for the parties' two children living with the mother, Edward and Melissa. The Department's petition alleged that the mother was a recipient of Aid to

Families with Dependant Children (AFDC), and that she had assigned to the Department her right to child support payments for Edward and Melissa (the assignment).

On February 4, 1985, the court entered orders for the clerk to forward the father's child-support payments for Edward and Melissa directly to the Department and for withholding of the father's income to secure support. On March 5, 1985, the mother filed a motion to vacate the court's February 4 orders. The March 5 petition alleged, in relevant part, that the assignment was void as it was obtained by the Department's threat to cut off all public aid to the mother, her new husband, their two children, and a third child of the mother's. Those five persons and Edward and Melissa lived together in the mother's household. The petition further alleged that the assignment of Edward's and Melissa's child support was unenforceable as Edward and Melissa did not receive public aid.

The mother appeals from the court's denial of her motion to vacate. On appeal, the mother argues that permitting the Department to collect the instant child support under the assertedly coerced assignment deprived Edward and Melissa of a constitutionally protected property interest without due process of law. The assignment document at issue is not of record, but the mother does not dispute its existence or its contents.

This case causes us to examine both Federal legislation providing for grants to States to fund AFDC and Illinois statutory and regulatory provisions related to the AFDC program. The general approach to determining an eligible family's AFDC benefits is to subtract the family's income from its projected needs. (See *Park v. Coler* (1986), 143 Ill. App. 3d 727.) By enactment of the Deficit Reduction Act of 1984 (DEFRA) (Pub. L. 98—369, 98 Stat. 1134-1147 (1984)), Congress provided that to obtain Federal grants, a State agency evaluating a child's need for AFDC must consider the income and resources of any parent and of any "dependent child" siblings living with the dependent child. (42 U.S.C. sec. 606(a) (1982); 42 U.S.C. secs. 602(a)(7), 602(a)(38) (Supp. II 1984).) It further provided that as a condition for AFDC eligibility, each applicant or recipient is required to assign the State any right to support which he has either on his own behalf or on behalf of another family member for whom he is seeking or receiving aid. (42 U.S.C. sec. 602(a)(26)(A) (Supp. II 1984).) Only $50 per month of the assigned monthly support payments shall be paid to the family without affecting its eligibility for assistance or its level of monthly assistance. 42 U.S.C. sec. 657(b) (Supp. II 1984).

Following these Federal law requirements, the Department re-

quires that eligible blood-related siblings shall be included in an AFDC assistance unit and that all eligible dependent children, blood-related siblings, and step-children in a family unit shall be included in a single case. (89 Ill. Admin. Code, ch. I, sec. 112.300.) Further, under Section 10—1 of the Public Aid Code (the Code), and a corresponding provision of the Illinois Administrative Code, a person with custody of a child, who accepts AFDC, is deemed to have assigned to the Department any support obligation to the child, up to the amount of assistance provided. The person responsible for providing the child support is correspondingly obligated to the State. Ill. Rev. Stat. 1985, ch. 23, par. 10—1; 89 Ill. Admin. Code, ch. I, sec. 112.79.

In a case partially analogous to the one before us, *Park v. Coler* (1986), 143 Ill. App. 3d 727, the court carefully analyzed some of the State and Federal statutory and regulatory provisions relevant to this case. In *Park*, the court concluded that despite Federal statutory language purporting to make it a felony for the representative of a minor recipient of Old Age, Survivors, or Disability Insurance (OASDI) benefits to expend those funds for use by anyone other than the minor recipient; the child at issue, a recipient of OASDI, and her OASDI benefits, were properly listed with the plaintiff mother's family unit in order for that unit to continue to receive AFDC benefits. The *Park* assistance unit included the plaintiff mother, the child receiving OASDI, and two half-brothers of the child receiving OASDI.

Considering section 10—1 of the Code and the Federal provisions which it accommodates, we find sufficient statutory authority for the Department to have required an assignment of Edward's and Melissa's child support as a condition of the mother's receipt of AFDC benefits. Under the new Federal and State provisions, the mother may no longer, as she properly did under former law, exclude Edward and Melissa from calculations regarding her assistance unit; receive AFDC benefits calculated for her family unit excluding Edward and Melissa; and continue to collect Edward's and Melissa's child-support payments from the father.

We find that Edward and Melissa, like the OASDI beneficiary in *Park*, are properly included with their half-siblings in the mother's assistance unit. As they are properly included in the mother's assistance unit and as that unit continues to receive AFDC, under Federal and State law their child support was necessarily assigned to the State. Only $50 of the assigned monthly support is payable to the mother's assistance unit without effect to the unit's level of assistance. (See Ill. Admin. Code, ch. I, sec. 112.110(b)(7).) The mother has presented no authority to persuade us either that Edward and Melissa should not

be included in her assistance unit or that the provisions of section 10—1 of the Code, which supported the instant child-support assignment, are not appropriately and constitutionally applied to her. We find no abuse of discretion in the order of the circuit court, denying the mother's motion to vacate. See Ill. Rev. Stat. 1985, ch. 110, par. 2—1203; *In re Marriage of Rosen* (1984), 126 Ill. App. 3d 766, 467 N.E.2d 962.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.