**Ralph LOMBARDI et al.**

v.

**The ELECTROMET CO. et al.**

**No. 85–416 Appeal.**

Supreme Court of Rhode Island.

April 14, 1988.

Z. Herschel Smith, DiSandro-Smith & Associates, P.C. Inc., Providence, for plaintiffs.

Milton Stanzler, Jonathan Stanzler, Abedon, Michaelson, Stanzler & Biener, Providence, for defendants.

OPINION

SHEA, Justice.

In this case the plaintiffs, Ralph Lombardi (Lombardi) and Marvin Antelman (Antelman), had brought suit against Electromet Company (Electromet) and Ezra Rosenbaum and Wayne Rosenbaum, principals of Electromet, individually, alleging breach of agreement and breach of fiduciary duty. The matter is before this court on the plaintiffs' appeal from a judgment entered for the defendants after the trial court granted the defendants' motion to dismiss under Rule 41(b)(2) of the Superior Court Rules of

Civil Procedure. We affirm the judgment of the Superior Court.

The plaintiffs Lombardi and Antelman are principals of Tilaco Chemicals, Ltd. (Tilaco), a corporation doing business in Rhode Island. They alleged that in July 1981 Tilaco and Electromet entered into an agreement that required Tilaco to advance to Electromet the sum of $55,000 for the purpose of enabling Electromet to purchase gold ore and gold scrap. Electromet was required to process the gold ore and gold scrap and supply Tilaco with the refined gold. Under the terms of the agreement Electromet granted Tilaco a security interest in the gold ore and gold scrap to be purchased by Electromet.

The plaintiffs further allege that they directed Industrial National Bank of Rhode Island[1] to lend the money for the agreement to Tilaco, which in turn advanced it to Electromet. The plaintiffs personally guaranteed the loan from the bank to Tilaco. They also allege that defendants were aware of the fact that the money provided was personally guaranteed by them.

The plaintiffs claim that defendants willfully breached the agreement by failing to purchase the gold ore and gold scrap after the money was provided to them by Tilaco. As a result of this alleged breach of agreement, Tilaco's security interest in the gold scrap and gold ore was defeated and plaintiffs as guarantors became personally liable for repayment of the loan.

■ The principal issue on appeal is whether the trial justice committed reversible error in rejecting plaintiffs' offer of proof, which attempted to show that Tilaco's claim for breach of agreement and breach of fiduciary duty against defendants actually belonged to plaintiffs as individuals. The plaintiffs contend that they own the claim against defendants because they repaid the loan to Industrial National Bank. They offered to prove at trial, through Tilaco's financial records and testimony of Tilaco's employee, that there was an effective assignment of Tilaco's claim against defendants to plaintiffs as individu-

als. It is undisputed that there was no assignment of the claim in writing.

The trial justice correctly rejected plaintiffs' offer of proof. General Laws 1956 (1985 Reenactment) § 9-2-8 states, "The assignee of a nonnegotiable chose in action which has been *assigned in writing* may maintain an action thereon in his own name, but subject to all defenses and rights of counterclaim, recoupment or setoff to which the defendant would have been entitled had the action been brought in the name of the assignor." (Emphasis added.) The plaintiffs concede there was no written assignment but argue that an assignment can be proven by operation of law and conduct of the parties. This argument is directly contradicted by established Rhode Island law. "In this state G.L. 1956, § 9-2-8 authorizes an assignee of a nonnegotiable chose in action to sue in his own name only where the assignment is in writing and there must be evidence to establish the making and delivery thereof." *United Master Plumbers Association of Rhode Island, Inc. v. Bookbinder Plumbing and Heating Co.*, 99 R.I. 683, 688, 210 A.2d 573, 576 (1965). Therefore, the trial justice did not abuse his discretion in rejecting plaintiffs' offer of proof.

■ The plaintiffs also argue that the trial justice committed reversible error by denying their motion during trial to add Tilaco as a party plaintiff in the case. They claim the addition of Tilaco would not prejudice defendants and that Super. R. Civ. P. 19 and 21 would allow this motion.

Concerning the joinder of parties this court has said: "Rule 19 recognizes the difference between persons whose joinder in an action is absolutely essential if the action is to proceed at all and those who ought to be joined but in whose absence the action can, nevertheless, continue. The first class of such persons is referred to as 'indispensable' and the latter group as 'necessary.'" *Doreck v. Roderiques,* 120 R.I. 175, 179, 385 A.2d 1062, 1064 (1978). Unless the absent party is an indispensable

---

1. Industrial National Bank of Rhode Island is now known as Fleet National Bank. We will refer to it as Industrial National Bank in this opinion.

party, the court may in its discretion proceed with the action. 1 Kent, *R.I. Civ. Prac.* § 19.2 at 176 (1969).

Tilaco is not an indispensable party. Its presence was not essential to this action. The entry of judgment in this case did not prejudice Tilaco's rights to proceed against the defendants in a separate action.[2] Therefore Tilaco, at most, was a necessary party. *Burnham v. Washington Trust Co.*, 446 A.2d 769 (R.I. 1982). Consequently the trial justice was well within his discretion in denying the plaintiffs' motion. Furthermore, the addition of Tilaco as a party plaintiff would not change Lombardi's and Antelman's legal status—they still needed a written assignment from Tilaco to maintain the action as plaintiffs.

For these reasons the plaintiffs appeal is denied, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

**2.** Indeed upon the conclusion of this trial Tilaco immediately filed a separate action against defendants alleging essentially the same claims that the plaintiffs have alleged in the present action.