*In re* MARRIAGE OF SAUNDRA KAY CLARK, Petitioner-Appellee, and STEVEN RAY CLARK, Respondent-Appellee (The Department of Public Aid, Bureau of Child Support, Petitioner-Appellant).

Fifth District   No. 5—87—0395

Opinion filed May 24, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Bret A. Rappaport, Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert H. Rath, of Rath & Fornes, of Harrisburg, for appellee Saundra Kay Clark.

JUSTICE KARNS delivered the opinion of the court:

The Illinois Department of Public Aid (the Department) appeals from an order of the circuit court of Saline County denying its petition to stay distribution of a judgment in favor of Saundra Clark. We reverse and remand.

Saundra and Steven Clark were married in July of 1980 in Harrisburg, Illinois. One child was born to this marriage. On September 26, 1983, the Clarks' marriage was dissolved. Saundra was awarded sole custody of the minor child, and Steven was ordered to pay $150 per month in child support. In November 1983, Saundra applied for welfare benefits from the State pursuant to the Aid to Families with Dependent Children (AFDC) program. The Department subsequently filed a petition to intervene and modify the dissolution order in May of 1984. Steven agreed to pay all support and arrearage payments to the clerk of the court of Saline County, who would forward the payments to the Department. Saundra was not served with notice of the new order.

In August of 1986, Saundra filed a petition for enforcement of child support against Steven. No notice was sent to the Department. The court found Steven to be in contempt of court and entered judgment in favor of Saundra in the amount of $5,040 for unpaid child support through September 1986 and $230.80 for Saundra's attorney fees. Steven purged himself of contempt by paying the back child support to Saundra's attorney. The Department subsequently filed its petition to stay distribution of the judgment, claiming $3,978.61 as assigned child support. The circuit court denied the Department's petition but ordered the sum of $3,978.61 not to be distributed to Saundra for a period of 30 days pending the filing of a notice of appeal.

The Department argues the trial court erred in not distributing the judgment for child support to it because the money had been assigned to the State by operation of law. Saundra argues because she

received no notice of the May 1984 order redirecting payment of child support to the Department, the order is void and the support payments are hers.

■ Section 10—1 of the Illinois Public Aid Code provides in part: "By accepting financial aid under this Code, a spouse or a parent or other person having custody of a child shall be deemed to have made assignment to the Illinois Department *** of any and all rights, title, and interest in any support obligation up to the amount of financial aid provided." (Ill. Rev. Stat. 1985, ch. 23, par. 10—1.) In other words, by accepting aid under the program, the recipient automatically assigns, to the extent of such aid furnished by the governmental unit, all rights, title, and interest in support payments to the governmental unit furnishing the aid. (*E.g.*, *In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 1064, 487 N.E.2d 1240, 1242.) The person responsible for providing the child support correspondingly is obligated to the State. *E.g.*, *Winchell v. Winchell* (1986), 144 Ill. App. 3d 988, 990, 495 N.E.2d 598, 600.

■ Saundra applied to the Department for AFDC benefits in November 1983. At that point, by operation of law, Saundra assigned to the Department her rights to receive child support payments to the extent she received aid. By reason of this assignment, which was final and enforceable the moment she applied for benefits, the Department perfected all rights to child support payments owed to Saundra. Saundra, therefore, needed no further notice when the Department intervened to perfect its rights against Steven, who, as the one required to perform, was given notice. This is not like the situation found in *Ottwell v. Ottwell* (1988), 167 Ill. App. 3d 901, where the recipient of AFDC benefits was not notified of the trial court's unilateral decision to modify and reduce her rights to child support based solely on a petition for citation filed by the Department. No substantial rights are being affected here to require such notice. Saundra's rights which have already been assigned are not being changed. Therefore, contrary to Saundra's contentions, the May 1984 order directing support payments to the extent of aid received to be made to the Department was, and is, valid. The circuit court's order of October 1986 awarding Saundra $5,040 in back support, however, is not. The Department did not receive notice of this proceeding. As an intervenor, the Department had all the rights of an original party and was entitled to notice in all future proceedings subsequent to intervention. (See *Conway*, 139 Ill. App. 3d at 1064, 487 N.E.2d at 1242; *In re Marriage of Johnson* (1981), 97 Ill. App. 3d 634, 635, 423 N.E.2d 264, 265.) Now as a party and an assignee of Saundra's rights, the Department's presence

was indispensable to any decision made by the court awarding back child support. (See *Johnson*, 97 Ill. App. 3d at 636, 423 N.E.2d at 265-66.) The court's order, which materially affected the Department's interest without notice first having been given, necessarily is void. 97 Ill. App. 3d at 636, 423 N.E.2d at 266.

This does not mean that AFDC recipients are deprived of the right to enforce the provisions of judgments of dissolution for the payment of child support. They simply must notify the Department (or the governmental unit furnishing aid) so it can protect its assigned rights. We therefore must reverse and remand this cause for further proceedings consistent with this opinion in order to ensure all interests are taken into consideration.

Reversed and remanded with directions.

WELCH and LEWIS, JJ., concur.