*In re* MARRIAGE OF RHONDA L. KUETEMAN, Petitioner, and JAMES W. KUETEMAN, Respondent-Appellee (The Department of Public Aid, Appellant).

Third District    No. 3—94—0450

Opinion filed June 14, 1995.

Barbara E. Pitts, Assistant Attorney General, of Chicago, for appellant.

Darrell K. Seigler, of Ottawa, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The Illinois Department of Public Aid (Department) appeals from a judgment denying its petition to intervene and to vacate a judgment terminating the obligation of the respondent, James Kueteman (James), to pay child support to the petitioner, Rhonda Kueteman (Rhonda). The Department argues that the trial court abused its discretion in denying the petition to intervene and that the judgment terminating James' child support obligation is void for failure to provide notice of the hearing to the Department. We affirm.

Rhonda and James were divorced in 1989 after two years of marriage. The judgment of dissolution required James to pay $50 per week for the support of the minor child born during the marriage. Approximately one year after the divorce, Rhonda began receiving public assistance. She continued to receive this aid through the time of the hearings from which this appeal was taken.

Between the time of the judgment of dissolution and the judgment at the root of the instant appeal, James was found to be in arrears in his child support payments twice, for $1,200 on one occasion and for $1,500 on the second occasion. Following these judgments, Rhonda filed a petition to increase child support which was never acted upon. She also filed two additional petitions for rule to show cause based on James' alleged failure to pay child support. During this time, Rhonda and James were also fighting over restrictions on James' visitation with the child based on allegations that James had been sexually abusive toward the child.

In April 1993, the judgment at issue in this appeal was entered. That judgment (1) allowed Rhonda leave to withdraw her March

1993 petition for rule to show cause; (2) found that James was current in all child support payments; (3) terminated James' obligation to make child support payments and to pay for the child's medical expenses; and (4) terminated James' right to visitation with the child. The judgment states that it was entered "by agreement," but does not reflect whether any fact-finding hearing was held.

Approximately one month later, the Department sought leave to intervene, alleging that by virtue of its having provided aid to Rhonda, it was the assignee of her right to child support. The Department further alleged that it had not been notified of the prior hearings and that James was in arrears in meeting his child support obligation in the sum of $1,720. One year later, the trial court denied the Department's petition to intervene as well as its motion to vacate the April 1993 judgment.

The Department argues first on appeal that the trial court abused its discretion in denying the Department's petition to intervene.

Section 2—408 of the Code of Civil Procedure provides that "upon timely application," anyone shall be allowed to intervene in an action "as of right" when "the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." (735 ILCS 5/2—408(a)(2) (West 1992).) Intervention before judgment is the most common, but it can be allowed after judgment if that is the only way to protect the intervenor's rights. (*People ex rel. Scott v. Illinois Protestant Children's Home, Inc.* (1981), 95 Ill. App. 3d 552, 420 N.E.2d 448.) The issue of whether an application to intervene should be allowed is left to the sound discretion of the trial court. *Mississippi Bluff Motel, Inc. v. County of Rock Island* (1981), 96 Ill. App. 3d 31, 410 N.E.2d 748.

In the case at bar, the Department knew, from the time Rhonda began to receive public assistance, that it was the assignee of Rhonda's right to receive child support. (See 305 ILCS 5/10—1 (West 1992) ("By accepting financial aid under this Code, a *** parent *** having custody of a child shall be deemed to have made assignment to the Illinois Department for aid *** of any and all rights *** in any support obligation ***").) It further knew, or should have known, that James was behind in his payments and that Rhonda had repeatedly attempted to have James held in contempt because of his failure to remain current in his obligation. Yet, the Department chose to do nothing. It chose to sit back and let Rhonda take the initiative in enforcing the judgment of dissolution.

Moreover, the Department was remiss in expecting that Rhonda's interests or intent would be identical to its own. While it claims

to keep the best interests of the child as its focus, there can be no doubt that the Department's primary concern was in receiving the monetary support owed by James. Rhonda, on the other hand, was concerned with more than just the money. She had to think of her child's physical, mental and emotional health as well. In cases where sexual abuse is alleged, such as this one, the Department's financial support concerns and the parent's child protection concerns may be at odds with one another. Thus, it was not reasonable for the Department to assume that Rhonda would place its concern about James' financial obligation ahead of her concern for the child's safety.

For the foregoing reasons, we hold that the trial court did not abuse its discretion in denying the Department's petition to intervene.

Next, the Department argues that the trial court erred in refusing to vacate the judgment terminating James' child support obligation based on the parties' failure to notify the Department of the hearing.

The Department claims that the case of *In re Marriage of Clark* (1988), 170 Ill. App. 3d 690, 525 N.E.2d 149, requires a reversal of the trial court's judgment. In *Clark*, the mother obtained a judgment for past-due child support in a proceeding held without notice to the Department. After the judgment, the Department sought to have the judgment amount distributed to it rather than the mother. The court held that the judgment awarding the past-due amount to the mother was void for failure to give proper notice to the Department.

We find *Clark* to be distinguishable. In *Clark*, the Department had intervened in the case before the judgment for past-due support was obtained. As a party, the Department was entitled to be given notice of any proceedings. (See *In re Marriage of Conway* (1986), 139 Ill. App. 3d 1062, 487 N.E.2d 1240.) In the case at bar, the Department had not intervened. It was not a party entitled to notice, so the judgment of the trial court is not void *ab initio*. Moreover, the trial court had no notice that the Department had any interest in the matter at all. The Department had not even filed a notice pursuant to section 709(d) of the Illinois Marriage and Dissolution of Marriage Act. (750 ILCS 5/709(d) (West 1992).) Thus, we hold that the trial court did not err in denying the Department's motion to vacate the April 1993 judgment.

Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

LYTTON and McCUSKEY, JJ., concur.