## EMMA F. WHITE *vs.* JAMES CAMPBELL.

One or more copartners cannot maintain an action at law to recover property or the value of property which has been conveyed by one of their copartnership in fraud of the copartnership.

Nor can such an action be maintained when brought in the name of the injured copartner alone, and when the non-joinder of the other copartners is not pleaded in abatement.

The rule which requires a plea in abatement in order to defeat a tort action brought by only one joint tenant or tenant in common, applies only when a joint action by all the tenants will lie.

DEFENDANT'S petition for a new trial.

*January* 21, 1893. MATTESON, C. J. This is an action of trover for a stock of millinery and dry goods, to which the defendant has pleaded merely the general issue. The plaintiff and one Emma F. Campbell entered into partnership about September 1, 1890. By the terms of the partnership agree-

ment, the business was to be carried on at Mansfield, Massachusetts, but November 1, 1890, the firm having on hand a surplus of goods beyond the requirements of its trade in Mansfield, Miss Campbell, with the concurrence of the plaintiff, took a store at Ashton in this State, removed to it the surplus stock and carried on there the business of the firm. December 6, 1890, the store of the firm in Mansfield, of which the plaintiff was in charge, took fire and the stock in it was damaged to a considerable extent by smoke and kerosene oil. Subsequently these damaged goods were also removed to the store in Ashton, which continued in charge of Miss Campbell, the plaintiff spending only a day or two there between December 10, 1890, and March 1, 1891. Prior to the removal of any of the goods to Ashton, the plaintiff had purchased for the firm, from one Rosendale, goods amounting to $500. February 1, 1891, the bill for these goods had not been paid, though both partners had been called on by Rosendale for payment and the plaintiff had promised several times that payment should be made. At this date, Rosendale insisted on the immediate settlement of his demand, and, finally, Miss Campbell, in the absence of the plaintiff, and without consulting her, made a transfer of the stock to him, in order, as alleged by the defendant, to settle the claim and avoid suit. Rosendale took possession of the goods under the transfer to him, and put Miss Campbell in charge of the business until a purchaser for it should be found. Two weeks later Rosendale sold the goods to the defendant, who is the father of Miss Campbell, for $475. Rosendale, thereupon, turned the goods over to the defendant, and he permitted his daughter, Miss Campbell, to continue in possession of the goods and in the management of the business. The plaintiff charges that the transfers to Rosendale and from him to the defendant were part of a scheme between Rosendale, the defendant and his daughter, to get the goods into the hands and possession nominally of the defendant, but really for the benefit of the daughter and for the purpose of depriving the plaintiff of her interest in the partnership property.

The case was tried in the Court of Common Pleas and the

jury returned a verdict for the plaintiff. The defendant excepted to the rulings of the court in certain particulars and now petitions for a new trial, alleging that the rulings excepted to were erroneous, and that the verdict is against the evidence.

The first question presented by the petition is whether the action can be maintained. The right of partners to sue at law for the recovery of property, or its value, conveyed by one partner in fraud of the partnership, is a subject which has given rise to widely differing opinions and to no little confusion. We think that it will be found, on investigation, that the authorities, notwithstanding some *dicta* and intimations to the contrary, as well as the better reasons, support the view that one partner alone cannot maintain such an action. This was the rule recognized, as settled by the authorities, in *Cornells* v. *Stanhope*, 14 R. I. 99, and the cases therein cited. It proceeds on the theory that the fraudulent sale or transfer passes the title to the property at law as against the fraudulent partner and that since the partners cannot sever in an action at law, but must sue jointly, the injured partner is at law without a remedy for its recovery; there being an inconsistency, not to say absurdity, in permitting the partner who has perpetrated a fraud to recover, as one of the plaintiffs, in an action against the person participating with him in the fraud. *Richmond* v. *Heapy*, 1 Starkie, 202; *Jones* v. *Yates*, 9 B. & C. 532; *Wallace* v. *Kelsall*, 7 M. & W. 264; *Greeley* v. *Wyeth*, 10 N. H. 15; *Homer* v. *Wood*, 11 Cush. 62; *Tay* v. *Ladd*, 15 Gray, 296; *Farley v. Lowell*, 103 Mass. 387; *Wells* v. *Mitchell*, 1 Ired. Law, 484; *Church* v. *First National Bank of Chicago*, 87 Ill. 68; *Mason* v. *Tipton*, 4 Cal. 276.

*Richmond* v. *Heapy*, 1 Starkie, 202, was an action of trover by the plaintiff, who had been declared a bankrupt, against the defendants as assignees under the commission, to try the validity of the commission. The defendants relied on proof of two bills of exchange, drawn by the firm of Heapy, Spear & Wright, the petitioning creditors, which purported to be for value received in oil and to be accepted by the

plaintiff. The plaintiff replied to this by evidence of the transactions between Spear and himself, by which it appeared that the proceeds of the oil had been used by him in taking up his previous acceptances for the accommodation of the firm' and that the bills in question had been accepted, also, for their accommodation; and he also put in evidence the undertaking by Spear to provide for these acceptances, when due. The defendants contended that the whole transactions between the plaintiff and Spear were collusive and with a view to defraud the other two partners, and were about to offer evidence in support of the contention; but Lord Ellenborough held that, assuming the fraud, yet as the defendants could recover on the bills *only through Spear*, if he had so behaved that he could not recover as one of the three, he could not be a petitioning creditor, and that as the *defendants* could not support an action at common law on the bills, they could not make them the subject of a debt as petitioning creditors so as to support the commission.

Again in *Jones* v. *Yates*, 9 B. & C. 532, which may be regarded as a leading case on this question, one Sykes was a partner in two firms and took the money and bills of one to pay his debt to the other. It was held that neither *assumpsit* for the money, nor trover for the bills, would lie in the names of the partners to whom the money and bills had belonged. Lord Tenterden in the opinion of the court remarked, that there was no instance in which a person had been allowed as plaintiff in a court of law to rescind his own act on the ground that it was a fraud on some other person, whether he sued in his own name only, or jointly with such other person; that the property passed at law as against Sykes, the fraudulent seller, and that there was no remedy at law for Bury, the other partner, to recover it; for he could not sue without making Sykes a plaintiff.

Nor does the fact that the action is brought in the name of the injured partner alone and that the defendant has not pleaded the non joinder of the other partner in abatement make the action sustainable. The rule requiring a plea in abatement, when an action of tort is brought by one joint

tenant, or tenant in common, to defeat the action, applies only to those cases in which the joint action by all the persons having the interest will lie. But partners as we have seen, do not in this respect, stand on the footing of tenants in common or ordinary joint tenants, since they cannot sever in an action, and one of them can by a sale pass the whole interest in a chattel belonging to the firm; whereas a sale by a tenant in common, or ordinary joint tenant passes merely his interest and his former cotenant or joint tenant, may still hold, or take, possession as a part owner. *Wells* v. *Mitchell*, 1 Ired. Law, 484, 487, 488. Chief Justice Ruffin, in this case, still further points out most clearly the distinction between partners and tenants in common. We cannot do better than to quote his words: "The difference between tenants in common and partners is exhibited more plainly, when it is considered what remedies persons standing in these relations respectively have against each other. If a tenant in common destroy a chattel, or as some think, if he sell the whole, his fellow may have trespass or trover against him. But it is clear that between partners these actions do not lie; nor indeed any others at law. Everything rests in confidence between partners and lies in account while the partnership continues; and if one of them sell or take or destroy the joint effects, all that can be done is to charge him the value in account. The interest of partners in particular chattels cannot be determined by the number of partners, or their share of the profits; nor can one of them claim a division of specific articles. The account must be taken of the whole partnership, so as to ascertain the clear interest of each partner. Until such account be taken, it cannot be told, whether the partner who, for his own benefit, sold, or consumed, the partnership property was not justifiable, inasmuch as his interest in the joint stock may have exceeded the value of the property. If this action had, therefore, been brought against the fraudulent partner himself, it must have failed; and it might be on the clearest ground of right and justice. So, for the same reason, it must against the vendee of that partner. As respects the thing sold the assignee stands in the shoes of

his assignor." He proceeds to point out the difficulty in such a suit, of determining the damages which the plaintiff ought to recover; "in an action by one tenant in common, he has only to show his interest, which is determinate as a quarter or a half, and no plea in abatement being put in, the jury apportions the damages accordingly. But as already mentioned, the interests of the partners are complicated and depend upon the result of all the accounts of the partnership. To take the accounts a court of law is unfit, and indeed incompetent; and, therefore, the jury cannot apportion the damages, which as a partner the plaintiff ought to recover. As a court of law thus finds itself incapable of ascertaining the rights of the parties and doing justice between them, it ought not to assume the jurisdiction for any purpose, but leave the whole subject to that tribunal, which can administer exact justice in the premises."

We are of the opinion that the plaintiff's action cannot be maintained. It is, therefore, unnecessary to consider the other grounds assigned in the defendant's petition.

Defendant's petition for a new trial granted, without costs.

*Cyrus M. Van Slyck*, for plaintiff.

*Claudius B. Farnsworth & Claude J. Farnsworth*, for defendant.