**Betty Byrne deZAHARA**

v.

**Richard S. WEISS, Tax Assessor of the City of Newport.**

**84–215–Appeal.**

Supreme Court of Rhode Island.

Oct. 29, 1986.

Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for plaintiff.

MaryJo Carr, Joseph T. Nicholson, Jr., Newport, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from a decision of the Newport County Superior Court granting the defendant's motion to dismiss. The plaintiff alleges that the trial justice erred in finding that she was not a proper party to bring a complaint for relief from a tax assessment since she was not the owner of the taxed property on the date of assessment.

On December 31, 1981, the real estate known as Cave Cliff and owned by Columbus O'Donnell was valued by the defendant tax assessor at $60,000. One year later, the property was in the process of being revalued. The plaintiff, Betty Byrne deZahara, contemplating the purchase of Cave Cliff, was aware that the city of Newport was undergoing revaluation of the property.

On June 15, 1983, plaintiff purchased Cave Cliff from O'Donnell for $495,000. Shortly thereafter, the tax assessor revalued Cave Cliff at $477,100. The bill was sent to O'Donnell, who owned the property on December 31, 1982—the date of assessment for this newest valuation. O'Donnell forwarded the bill to plaintiff for payment, and she filed this appeal to reduce the December 31, 1982 assessment.

General Laws 1956 (1980 Reenactment) § 44–5–26 is the statutory remedy through which a taxpayer who believes she has been overassessed may seek relief. It states in part:

> "Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment, to which petition the assessors of taxes of said city or town in office at the time such petition is filed shall be made parties respondent * * *."

The defendant argues that since plaintiff did not own Cave Cliff on December 31, 1982, she did not have taxes assessed against her, and is therefore not an "aggrieved person" entitled to relief under § 44–5–26. The defendant contends that

plaintiff's proper remedy is to join the previous owner, Columbus O'Donnell, as an indispensable party plaintiff.

The plaintiff acknowledges that she was not the record owner of Cave Cliff on December 31, 1982, but argues that § 44–5–26 allows "any person aggrieved" by an assessment of taxes, whether that person owned the property on assessment day or not, to petition the Superior Court for review. Since plaintiff is the one who will either have to pay the taxes assessed or face tax-sale proceedings, she argues that she is an aggrieved person under § 44–5–26. The plaintiff also claims that if the trial justice's decision is allowed to stand, she will be denied her right of due process since there is no other practical remedy for her.

When a statute is remedial, it should be construed liberally to achieve effectuation of the relief it is meant to provide. *Ayers-Schaffner v. Solomon*, 461 A.2d 396, 399 (R.I.1983). As with all revenue statutes, any doubt about the meaning or scope of § 44–5–26 must be resolved in favor of the taxpayer and against the taxing authority. *Norberg v. Feist*, 495 A.2d 687, 689 (R.I. 1985).

Section 44–5–26 allows "[a]ny person aggrieved * * * by any assessment of taxes against [her]" to seek relief. To construe this section so narrowly as to mean that only the person owning a piece of property on a specific assessment date [1] may seek relief would be absurd. Betty Byrne deZahara was the owner of the property when the revaluation was made by the tax assessor, and she is the one liable for the taxes. The Legislature should never be presumed to have enacted a law that leads to absurd or unreasonable results, and we will not construe a statute such that an absurd or unreasonable result is achieved. *Trembley v. City of Central Falls*, 480 A.2d. 1359, 1363 (R.I.1984).

Further, we have already rejected a narrow interpretation of the word "assessment" as it is used in § 44–5–26. It does not mean the value placed on a property on a particular date by an official for the purpose of taxation, rather the term "assessment" refers to the "entire plan or statutory scheme" for the imposition and collection of taxes. *Maggiacomo v. DiVincenzo*, 122 R.I. 615, 619, 410 A.2d 1332, 1334 (1980). Since the plaintiff is, in reality, the one against whom the taxes were imposed and from whom the taxes must be collected, she is the one against whom the taxes were "assessed" as is meant by § 44–5–26. As an aggrieved person, she has the right to appeal the assessment. That Columbus O'Donnell owned the property on the actual assessment date is of no consequence. He is not an "aggrieved" person. He is not liable for the taxes. Betty Byrne deZahara is liable for the taxes.

For these reasons, the plaintiff's appeal is sustained, the granting of the defendant's motion to dismiss is reversed, and the papers are remanded to the Superior Court for further proceedings consistent with this opinion.

---

1. The December 31 assessment date in each instance is in reality a formal date to which the later actual billing is related back for sake of uniformity among cities and towns.