FLEET CREDIT CORPORATION et al.

v.

Jack FRAZIER, in his capacity as Tax Assessor of the City of Warwick et al.

No. 97–328–Appeal.

Supreme Court of Rhode Island.

March 9, 1999.

Joseph DeAngelis, Providence, for plaintiff.

Gina A. Vigliotti, Providence, Kerry I. Rafanelli, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal questions whether the property tax exemption under G.L.1956 § 44-3-3(8) for personal property "owned by any corporation used for a school, academy, or seminary of learning" includes leased computer equipment that a nonprofit taxpayer has used exclusively for educational purposes. For the reasons set forth below, we hold that the tax exemption does not extend to such property, and thereby deny and dismiss the taxpayer's appeal and affirm the Superior Court judgment in favor of the tax assessor.

The plaintiffs, Fleet Credit Corporation (Fleet) and New England Institute of Technology (NEIT), appeal from a Superior Court judgment in favor of defendants, Jack Frazier, in his capacity as tax assessor for the city of Warwick, and David Tepin, in his capacity as collection supervisor for the city of Warwick (collectively, the city). The court ruled that the property in question was not exempt from the city's assessment of property taxes.[1] Following a prebriefing conference, a single justice of this Court referred this case to the full Court for a session in conference, pursuant to Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. We then ordered the parties to show cause why we should not decide the issues raised in this appeal summarily. None having been shown, we proceed to decide the appeal without further briefing and argument.

The parties submitted an agreed statement of facts to the Superior Court. In October 1990, NEIT acquired computer equipment to use for educational purposes. The parties do not dispute that NEIT is a fully accredited college and is exempt from taxation under § 501(c)(3) of the Internal Revenue Code. NEIT financed its acquisition of this equipment through a lease agreement with Fleet. In accordance with this agreement, Fleet paid the vendor for the equipment and acquired title to it. The city valued the equipment at $1,619,900 and assessed property taxes thereon of $50,216.90. Fleet paid these taxes to the city, and NEIT reimbursed Fleet under the terms of the lease agreement. Thereafter, in December 1991, Fleet conveyed its interest in the computer equipment to NEIT.

The plaintiffs contend that even when Fleet owned this equipment, it was not subject to taxation pursuant to § 44-3-3(8), which exempts the following property:

"The buildings and personal estate owned by any corporation used for a school, academy, or seminary of learning, and of any incorporated public charitable institution, and the land upon which the buildings stand and immediately surrounding them to an extent not exceeding one acre, so far as they are used exclusively for educational purposes, but no property or estate whatever shall hereafter be exempt from taxation in any case where any part of the income or profits thereof or of the

1. These plaintiffs filed two separate actions in Superior Court in December 1991 and March 1992. The two complaints are identical except for an allegation in the second complaint that plaintiffs asserted their claim administratively by appealing the challenged assessment to the Board of Assessment Review of the City of Warwick which later denied plaintiffs' appeal.

business carried on thereon is divided among its owners or stockholders."

The plaintiffs argue that the statutory language "used for a school, academy, or seminary of learning," applies to the buildings and personal estates owned by any corporation that are used exclusively for educational purposes. Therefore, if a for-profit corporation, such as Fleet, owns property which is used for educational purposes, such as the computer equipment in question here, then that property, plaintiffs contend, is not taxable as long as its owners or stockholders do not divide the income generated by that property among themselves. The city's position is that the phrase "used for a school, academy, or seminary of learning," also refers to the words "any corporation" in the statute. Since Fleet is not a corporation used for a school or educational purpose, the city argues that the Fleet-owned computer equipment is not exempt from taxation.

■ The party claiming the tax exemption has the burden of showing that the language of the statute demonstrates "a clear legislative intent to grant such exemption." *Cookson America, Inc. v. Clark,* 610 A.2d 1095, 1098 (R.I.1992). The trial justice found that the different statutory interpretations advocated by plaintiffs and the city were both reasonable, and therefore he concluded that the exemption statute was ambiguous. The trial justice then applied the "time-honored rule" of statutory construction that requires a court to construe tax-exemption statutes strictly in favor of the taxing authority and against the party seeking the exemption. *American Hoechst Corp. v. Norberg,* 462 A.2d 369, 371 (R.I.1983); *see also Roger Williams General Hospital v. Littler,* 566 A.2d 948, 950 (R.I.1989). Based upon this reasoning, the trial justice determined that plaintiffs failed to prove that the computer equipment was clearly exempt from taxation under § 44–3–3(8).

■ On appeal, plaintiffs contend that we should not strictly construe § 44–3–3(8) in favor of the taxing authority because it is not a true tax-exemption statute. The plaintiffs refer to the history of the educational-property exemption, which dates back to colonial times. They argue that its historical background indicates that the exemption for educational uses of property is, in reality, a rule of "nontaxability," rather than an exemption from taxation. However, plaintiffs overlook the fact that this Court consistently has applied a rule of strict construction to this exemption. In *Society for the Preservation of New England Antiquities v. Tax Assessors of Newport,* 62 R.I. 302, 5 A.2d 293 (1939), the Court considered whether the plaintiff, a Massachusetts corporation, was required to pay taxes on property it owned in Newport. In holding that the plaintiff was responsible for taxes, the Court noted that it must strictly construe the statute exempting property used for educational purposes from taxation: "Exemption from taxation cannot be read into the statute by implication." *Id.* at 307, 5 A.2d at 296. Similarly, in *Powers v. Harvey,* 81 R.I. 378, 103 A.2d 551 (1954), this Court determined that buildings located on state land and owned by college fraternities and sororities were also subject to taxation. In applying the educational-property exemption, the Court stated that "[i]t is settled in this state that exemptions of the above nature are strictly construed in favor of the taxing authority." *Id.* at 381, 103 A.2d at 552. Hence, we are of the opinion that the trial justice correctly applied the rule of strict statutory construction to the tax exemption in this case.

Furthermore, plaintiffs contend that § 44–3–3(8) is not ambiguous. They argue that the phrase "used for a school, academy, or seminary of learning" does not refer to a corporation because it is unnatural to describe a corporation as being "used for" something. Rather, they assert, it is appropriate to speak of a building or property as being "used for" something. In considering the tax-exempt status of property, however, this Court has reviewed the property owner's corporate charter to ascertain its charitable purpose. *See Society for the Preservation of New England Antiquities v. Tax Assessors of Newport,* 62 R.I. 302, 5 A.2d 293 (1939). Thus, it appears that the owner's corporate purpose can be a fact of some significance in determining the property's tax-exempt status.

The city contends that, in order to be eligible for the exemption, an educational institution must both own the property and use it exclusively for educational purposes. It argues that if the General Assembly had intended the educational use of the property to be the only requirement for tax-exempt status, then the statute would have so stated. In that situation, the statute would not refer to the corporation's ownership of the property, but simply would have exempted all buildings and personal property used for educational purposes, regardless of ownership. Nonetheless, plaintiffs urge this Court to look beyond the record owner of the property and to consider the intention of the parties in leasing this equipment and the nature of the lease transaction itself to determine the property's tax-exempt status.

The plaintiffs also argue that we should consider NEIT to be the equitable owner of the computer equipment because Fleet merely possessed what amounted to a security interest in the property. The plaintiffs contend that other sections of the taxation statute recognize equitable ownership as a form of property ownership for tax purposes. For example, plaintiffs point out that, pursuant to G.L.1956 § 44-4-4.1, state-owned property leased for a ten-year term or more is taxable to the lessee. Moreover, § 44-4-5 deems a mortgagor in possession of real estate to be the owner of the property, while § 44-4-6, for purposes of taxation, considers a life tenant or a lessee who is in possession of property for a ten-year term or more to be the owner of the property. These sections indicate that, in certain instances, someone other than the owner may bear the responsibility to pay taxes on the property. If the General Assembly, however, had intended that all leased property would be taxable to the lessee, then it could have used such language in the educational-property exemption section similar to the phrasing it used in the above-cited sections. But the taxation statute sets forth a limited number of situations in which taxes are assessed against the possessor or lessee of property rather than the owner. Most significantly, the situation in this case does not fall within any of these categories. Thus, the existence of limited statutory exceptions to the applicability of the tax argues against judicial creation of additional exemptions not recognized by the General Assembly.

The plaintiffs also rely on *deZahara v. Weiss,* 516 A.2d 879 (R.I.1986), to support their argument that we should consider NEIT as the equitable owner of the computer equipment for tax purposes. In *deZahara,* the defendant tax assessor argued that because the plaintiff was not the record owner of the property as of the date of its assessment, she did not have standing to challenge the tax assessment. This Court held that the plaintiff was an aggrieved person within the meaning of G.L.1956 § 44-5-26—the statutory remedy through which a taxpayer may seek relief from a tax assessment—because she was the person responsible for the payment of taxes on the property. The present case is distinguishable from *deZahara* for several reasons. First, the Court in *deZahara* concluded that because § 44-5-26 was a remedial statute—as opposed to an exemption statute—it must construe the statute in favor of the taxpayer and against the taxing authority. 516 A.2d at 880. For the reasons previously indicated, this is not the case here. Secondly, we also reiterated there that we construe a remedial statute liberally to effect the relief the General Assembly intended to provide. *See id.* Third, it is important to note that the plaintiff in *deZahara* owned the property at the time the tax payment was due. Here, NEIT's lease specifically provided that "[n]o right, title or interest in the Equipment shall pass to Lessee other than the right to maintain possession and use of the Equipment." In this case, when the tax payment became due, Fleet owned the computer equipment.

Previously, this Court has considered whether the Legislature intended that equipment leased from one or more private corporations and used by tax-exempt hospitals would be exempt from taxation. In *Roger Williams General Hospital v. Littler,* 566 A.2d 948 (R.I.1989), the plaintiffs, Roger Williams General Hospital and Rhode Island Hospital, acquired equipment from leasing companies pursuant to a commercial lease agreement. The defendant tax assessor for the city of Providence assessed taxes on the

equipment leased by the hospitals. We had to determine whether the hospitals' charters, enacted by the General Assembly, exempted the hospitals from tax payments on property that was owned by the leasing companies, but used by the hospitals in connection with their charitable purposes. The hospitals' charters exempted their real and personal property from taxation if it was used for hospital purposes. The plaintiffs argued, as do plaintiffs in this case, that they—but not the leasing companies—used the equipment in question exclusively for tax-exempt purposes. Nonetheless, we held that the charters exempted only the hospital-owned property and did not apply to leased property. In so holding, we did not look beyond the formal title to the property to determine its tax-exempt status, but held that "[a]n exemption from taxation is in the nature of a personal privilege and is neither assignable nor transferable." *Id.* at 950.

Although *Roger Williams* did not address the property tax exemption that we face here, the reasoning of that case is instructive. In *Roger Williams,* we refused to extend a tax exemption to leased property because the applicable statute's language did not specifically apply to non-owned property. Similarly, the statute in the case at bar also does not clearly state that any property used for educational purposes, irrespective of ownership, is exempt from taxation. If the General Assembly had intended that an educational institution need not own the property, then it could have so stated. But it did not do so.

Moreover, the plaintiffs also fail to qualify under the tax exemption for an additional reason. The statute provides that "no property or estate whatever shall hereafter be exempt from taxation in any case where any part of the income or profits thereof or of the business carried on thereon is divided among its owners or stockholders." Section 44–3–3(8). Here, it is conceded that Fleet derived income or profits from its computer-leasing operations, part of which, in the normal course, would be divided among its owners or stockholders. In any event, the plaintiffs failed to demonstrate that Fleet did not divide among its owners or stockholders a portion of the profits or income it derived from

the leasing of this computer equipment. Therefore, for this reason alone, the plaintiffs failed to qualify for the tax exemption—even if, under the statute, ownership of the property by a for-profit corporation was irrelevant to a determination of its tax-exempt status.

For the above-stated reasons, we conclude that the trial justice correctly ruled that the leased computer equipment was not exempt from taxation. Accordingly, we deny and dismiss the plaintiffs' appeal and affirm the Superior Court's judgment in favor of the city.