DECISION
This matter comes before the Court on defendant's Motion for Summary Judgment Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
 Facts/Travel
The plaintiff Independence Square Foundation ("Independence") filed three separate lawsuits challenging defendant City of Newport's ("City") 1994, 1995, and 1996 tax assessments for property located at Harrison Avenue, Newport, Rhode Island (the "property"). The lawsuits have been consolidated. Although Independence was the owner of the property at the time of the filing of the lawsuits, the Department of Housing and Urban Development ("HUD") paid the taxes in the disputed years.
The plaintiffs, A.L. Ballard ("Ballard") and Dorrance H. Hamilton ("Hamilton"), were added as party plaintiffs based upon the following recitation of events. On or about March 1, 1979, New England Center Properties bought the property and entered into a mortgage with Suburban Mortgage Associates, Inc. On or about December 23, 1980, Edgehill Partners was substituted for New England Center Properties as owner and mortgagor of the property. Suburban Mortgage Associates, Inc. assigned the mortgage and note to Mercantile Mortgage Corp. on or about September 20, 1993. Eight days later, Mercantile Mortgage Corp. assigned the mortgage and note to HUD. On or about April 22, 1994, Edgehill Partners conveyed the property to Independence. On or about August 26, 1997, HUD assigned the mortgage deed and note to Ballard. Ballard assigned one-half of his interest in the mortgage deed and note to Hamilton on or about September 20, 1993. Ballard and Hamilton foreclosed on the property, and then purchased the property at a public auction.
 Standard of Review
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists.Superior Boiler Works, Inc. v. R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. R. Civ. P. 56 (c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence v. Wilke,668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode island DEPCO v. Rignanese, 714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law. Harritos v. Cambio,683 A.2d 359, 360 (R.I. 1996) (citations omitted); R.I. Super. R. Civ. P. 56 (c).
 Aggrieved Person
Since HUD paid the taxes, the City argues that plaintiffs have not been aggrieved, and only HUD is entitled to any recovery if an over-assessment has occurred. However, the City concedes that HUD never perfected an appeal. The City argues that plaintiffs are actually seeking compensatory damages for a loss or injury they did not sustain, and would receive a windfall if any excess tax is returned. The City contends that other jurisdictions hold that the person who pays the tax is entitled to the refund. Additionally, plaintiff argues that the filing of an account is a condition precedent prior to a taxpayer seeking relief. Ballard and Hamilton are not in compliance with G.L. 1956 (1995 Reenactment) § 44-5-26 as they did not file an appeal with the local assessor. Although Ballard and Hamilton were added as party plaintiffs, their claim is time-barred and does not relate back to the filing of the original petitions by Independence.
Independence argues that the issue before the Court is whether a mortgagor can recover for an over-assessment of taxes if the taxes were paid by the mortgagee, and the mortgagee will not receive any reimbursement from the award of excess taxes. Independence contends that it is an aggrieved person within §44-5-26 (a) as the taxes were assessed against Independence as owner of the property. Furthermore, the cases cited by the City do not stand for the proposition that only the person who pays the taxes is entitled to any refund. Regardless of who has paid the taxes, Independence asserts that equity supports its position that over-taxation is unlawful. By analogy, Independence argues that the collateral source rule supports the proposition that any benefits Independence received by its contractual relationship with HUD is collateral to the City's obligation to refund excess taxes.
Ballard and Hamilton argue that the sole issue for this Court to decide is whether the property has been over-assessed in violation of the appropriate statutes. Although the City concedes that Independence followed all the statutory requirements prior to filing a lawsuit in the Superior Court, the City contends that Ballard and Hamilton failed to file an account, failed to file the appropriate appeals, and failed to follow other administrative procedures. In response, Ballard and Hamilton assert that the foregoing objections are moot as Independence assigned its interest in the tax appeals to Ballard and Hamilton. Furthermore, if the City does not plead failure to file an account, the defense is waived. Lastly, R.I. Super. R. Civ. P. 17 (a) provides that the joinder of parties relates back to commencement of the action as if the parties originally filed the lawsuit.
A person may petition the superior court for relief from a tax assessment if they are aggrieved on any ground whatsoever. G.L. 1956 § 44-5-26. An aggrieved person is "the one against whom the taxes were imposed[,] . . . from whom the taxes must be collected, . . . [and] the one against whom the taxes were `assessed' as is meant by § 44-5-26." deZahara v. Weiss,516 A.2d 879, 880 (R.I. 1986). Section 44-5-26 discusses assessment of taxes not payment thereof as grounds for petitioning the superior court. The word "assessment" as used in § 44-5-26
means that the "entire plan or statutory scheme for the imposition and collection of taxes," and not "the value placed on a property on a particular date by an official for the purpose of taxation." Id. (citing Maggiacomo v. DiVincenzo, 122 R.I. 615, 619, 410 A.2d 1332, 1334 (1980). The liability for the 1994, 1995, and 1996 tax assessments was upon Independence as owner of the property during the foregoing time periods. It matters not who paid independence's tax liability, whether by contract or by gift, as Independence was the person responsible for the payment of taxes on the property. Fleet Credit Corp. v. Frazier,726 A.2d 452, 455 (R.I. 1999).
Pursuant to G.L. 1956 § 44-5-15, a taxpayer is required, as a condition precedent to challenging a tax assessment, to file an "account of all ratable estate" with the tax assessor. A condition precedent must be pled in accordance with R.I. Super. R. Civ. P. 9 (c). Chase v. Bouchard, 671 A.2d 794 (R.I. 1996). However, a condition precedent can be waived. See Id. (failure to raise the defense of failure to file an account constitutes a waiver). The City has correctly pled the affirmative defense of failure to file an account in the 1995 and 1996 tax years, but failed to plead the defense in the 1994 tax year. Regardless, the City has presented no evidence to the Court that Independence has failed to follow the statutory procedures of § 44-5-1, etseq., prior to filing the lawsuits with the Superior Court.
Ballard and Hamilton, as assignees of Independence's chose in action, may maintain an action against the City, but subject to all defenses and rights of counterclaim, recoupment or setoff to which the City has against Independence. G.L. 1956 (1997 Reenactment) § 9-2-8; New Bedford Inst. for Sav. v. Calcagni,676 A.2d 318, 320 (R.I. 1996); Lombardi v. Electromet Co.,540 A.2d 16, 17 (R.I. 1988). As the evidence indicates that Independence properly followed the administrative procedures of § 44-5-1 et seq., Ballard and Hamilton are afforded the same protection as Independence since the assignee steps into the shoes of its assignor. See A. D. Juilliard Co. Inc. v. AmericanWoolen, Co., 69 R.I. 215, 32 A.2d 800, 802 (1943) (citation omitted); White v. Campbell, 18 R.I. 150, 26 A. 40, 42 (1893). Accordingly, the City's Motion for Summary Judgment is denied.
Counsel shall prepare the appropriate order for entry.