June 21, 2022

**Supreme Court**

No. 2021-140-Appeal.
(WC 20-502)

Helen Ricci          :

v.          :

Rhode Island Commerce      :
  Corporation et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Helen Ricci          :

v.              :

Rhode Island Commerce     :
    Corporation et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The defendants, the Rhode Island Commerce Corporation, the Rhode Island Airport Corporation, the Rhode Island Airport Police Department, Dennis Greco, and Iftikhar Ahmad (collectively defendants), appeal from a May 10, 2021 order of the Superior Court granting declaratory and injunctive relief in favor of the plaintiff, Helen Ricci. On appeal, the defendants contend that the hearing justice erred in finding that Ms. Ricci was a "law enforcement officer" as defined by G.L. 1956 § 42-28.6-1(1), a section of the Law Enforcement Officers' Bill of Rights (LEOBOR), and that she was therefore entitled to the protections afforded by that statute.[1] This case came before the

---

[1] The defendants have raised several other arguments on appeal, including that the hearing justice erred: (1) in not making findings before ordering mandatory injunctive relief; (2) in not conducting a trial on the merits; and (3) in declining to

Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After carefully examining the record and the parties' arguments (both written and oral), we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument.

For the reasons set forth in this opinion, we affirm the order of the Superior Court in part, we vacate that order in part, and we remand the case to the Superior Court with instructions that it order compliance with the provisions of § 42-28.6-4 and restoration of Ms. Ricci's salary and benefits to the *status quo ante*.

## I

## Facts and Travel

## A

## The Initial Phases of the Litigation

On December 16, 2019, Ms. Ricci was hired by the Rhode Island Airport Corporation (RIAC) as the Deputy Chief of the Rhode Island Airport Police Department (RIAPD), and she was sworn in on March 2, 2020. On July 7, 2020, the Chief of the RIAPD, Leo Messier, retired; the RIAC did not thereafter employ another person in that position until mid-November of 2020. It is undisputed that at

---

rule that Ms. Ricci's claim was barred by the equitable defense of unclean hands. However, in view of our holding in this case (*see infra*), we need not reach those issues.

no time during her tenure with the RIAPD was Ms. Ricci ever promoted to the position of Chief. On November 10, 2020, Ms. Ricci was terminated as a member of the RIAPD and as an employee of the RIAC. Thereafter, on November 13, 2020, Ms. Ricci filed a written request for a hearing in accordance with the provisions of the LEOBOR statute.

On December 1, 2020, Ms. Ricci filed a verified complaint in the Superior Court, in which she sought a judgment declaring: (1) "that she is entitled to the rights and benefits set forth under LEOBOR;" and (2) that the RIAPD's failure to timely respond to her request for a hearing and provide a "Hearing Committee selection * * * constitutes a dismissal of all charges" against her. Ms. Ricci also sought mandatory injunctive relief whereby she would be reinstated to her position as the Deputy Chief of the RIAPD, with all the back pay and benefits that she would have received had she not been terminated.

In response to Ms. Ricci's verified complaint, on December 14, 2020, defendants filed a motion for summary judgment,[2] in which they asserted that Ms. Ricci was the "highest ranking sworn officer" of the RIAPD and that, under their reading of the LEOBOR statute, she was excluded from the LEOBOR's definition

---

[2] In addition to their motion for summary judgment (filed on December 14, 2020), defendants filed an answer to the verified complaint on December 30, 2020.

of "law enforcement officer" and was not entitled to the protections afforded by that statute.[3]

A hearing on defendants' motion for summary judgment was held on January 5, 2021, during which defendants reiterated their arguments relative to Ms. Ricci's not being entitled to protection under LEOBOR. Ms. Ricci, for her part, contended that, pursuant to the express language of LEOBOR, the highest ranking sworn officers of the RIAPD were the director and deputy director of the RIAC. She contended that, for that reason, she was not the highest ranking sworn officer, but rather was simply a law enforcement officer as referenced in § 42-28.6-1(1) and so was entitled to the protections of LEOBOR.

The hearing justice issued a written decision on February 8, 2021, denying defendants' motion for summary judgment, finding that material issues of fact

---

[3]    Section 42-28.6-1(1) of the General Laws (a section of the LEOBOR statute) reads as follows:

> "'*Law enforcement officer*' means any permanently employed city or town police officer, state police officer, permanent law enforcement officer of the department of environmental management, or those employees of the airport corporation of Rhode Island who have been granted the authority to arrest by the director of said corporation. However this shall not include the chief of police and/or the highest ranking sworn officer of any of the departments including the director and deputy director of the airport corporation of Rhode Island."

remained in dispute "as to what powers Ms. Ricci had during the period between the retirement of Chief Messier and her termination, as well as who occupied the positions of director and deputy director of the RIAC * * *."

A hearing with respect to Ms. Ricci's request for declaratory and injunctive relief was held on March 26, 2021.[4] Ms. Ricci argued that the language of § 42-28.6-1(1) was "quite clear," in that it expressly excluded only the position of Chief and also what she referred to as "the highest ranking officer," who, in the context of this case, she contended would be the director and deputy director of the RIAC. Accordingly, Ms. Ricci argued that, because she held neither the position of Chief nor was she the director or deputy director of the RIAC, it necessarily followed that she was simply a "law enforcement officer" under the statute and so was entitled to the protections afforded by LEOBOR.

For their part, defendants argued that, although the director of the RIAC had "arresting authority," his authority was "limited to things related to aviation and airport security," unlike the authority of the officers of the RIAPD, whose authority has "no such bounds" and "no such limitations." The defendants further contended that there were no regulations, statutes, bylaws, or documents which stated that the

---

[4] The March 26, 2021 hearing also addressed some of the arguments for and against the mandatory injunction sought by Ms. Ricci. However, as will be made clear *infra*, it will not be necessary in the present opinion for us to deal with those arguments or the hearing justice's decision concerning them.

director shall be what they referred to as "the highest ranking officer in the * * * department." They also argued that LEOBOR was intended "to protect line officers" while excluding "those who truly manage them." The defendants argued that since, in their view, Ms. Ricci truly managed line officers, she fell into the category of those excluded from LEOBOR coverage.

## B

### The Decision of the Hearing Justice

The hearing justice issued a written decision on May 6, 2021. She stated that "the plain language of the [LEOBOR] statute supports a reading, in the context of the RIAPD, that designates only the chief and the director and deputy director of the RIAC as explicitly excluded from coverage under the LEOBOR." (Internal quotation marks omitted.) The hearing justice then ruled that, because the position of Chief was unoccupied at the time of Ms. Ricci's termination, "the highest ranking person with arresting authority at the [RIAC] would be considered the 'highest ranking sworn officer'—in this case, the director of RIAC." Accordingly, the hearing justice ruled that Ms. Ricci was not the highest ranking sworn officer at the time of her termination, but rather was a "law enforcement officer" as defined by LEOBOR and, therefore, was entitled to the protections accorded by that statute. On that basis, the hearing justice proceeded to grant declaratory and injunctive relief in favor of Ms. Ricci. She ordered that Ms. Ricci be reinstated to her position as Deputy

- 6 -

Chief of the RIAPD with back pay and benefits. An order granting declaratory and injunctive relief,[5] consistent with the hearing justice's decision, was entered on May 10, 2021, and defendants then filed a timely notice of appeal on May 14, 2021.[6]

## II

## Standard of Review

It is well settled that this Court reviews questions of statutory construction in a *de novo* manner. *In re Kapsinow*, 220 A.3d 1231, 1233 (R.I. 2019); *DeMarco v. Travelers Insurance Co.*, 26 A.3d 585, 616 (R.I. 2011). And "[w]hen construing statutes, this Court's role is to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Such v. State*, 950 A.2d 1150, 1155-56 (R.I. 2008) (internal quotation marks omitted); *see Ryan v. City of Providence*, 11 A.3d 68, 71 (R.I. 2011) (stating that, when this Court determines legislative intent, "[t]hat intent is discovered from an examination of the language, nature, and object of the statute") (internal quotation marks omitted); *Little v. Conflict of Interest Commission*, 121 R.I. 232, 237, 397

---

[5] Although the record does not contain a declaratory judgment as such, we shall treat the order granting Ms. Ricci's request for declaratory relief as the equivalent of a declaratory judgment.

[6] On May 14, 2021, defendants filed a motion to stay, requesting that the order granting declaratory and injunctive relief to Ms. Ricci be stayed pending appeal to this Court. On August 2, 2021, the hearing justice granted defendants' motion to stay. An order to that effect was entered on August 5, 2021.

A.2d 884, 887 (1979) ("It is a primary canon of statutory construction that statutory intent is to be found in the words of a statute, if they are free from ambiguity and express a reasonable meaning."); *see also Kulawas v. Rhode Island Hospital*, 994 A.2d 649, 652 (R.I. 2010) ("When the language of the statute is clear and unambiguous, it is our responsibility to give the words of the enactment their plain and ordinary meaning.").

It should also be borne in mind that it is a "fundamental maxim of statutory construction that statutory language should not be viewed in isolation." *In re Brown*, 903 A.2d 147, 149 (R.I. 2006). It is our responsibility to consider "the entire statute as a whole; individual sections must be considered in the context of the entire statutory scheme, not as if each section were independent of all other sections." *Id.* (internal quotation marks omitted).

Finally, it is important to be mindful of the principle that remedial statutes are to be liberally interpreted. *See, e.g.*, *In re Tavares*, 885 A.2d 139, 146 (R.I. 2005) ("[W]hen construing a statute that is remedial in nature, * * * we will construe the statute liberally to effectuate its purposes.").

### III

### Analysis

The complete statutory definition of a "law enforcement officer" for LEOBOR purposes is set forth in footnote 3, *supra*. Nonetheless, for present

purposes, it would be useful to repeat here the most pertinent words of that statutory provision:

> "'*Law enforcement officer*' * * * shall not include the chief of police and/or the highest ranking sworn officer of any of the departments including the director and deputy director of the airport corporation of Rhode Island." Section 42-28.6-1(1).

On appeal, defendants contend (as they did in the Superior Court; *see* Part I.A, *supra*) that the hearing justice erroneously construed § 42-28.6-1(1) when she ruled that Ms. Ricci was not the "highest ranking sworn officer" but rather was simply a law enforcement officer entitled to the protections accorded by LEOBOR.

We are unpersuaded by defendants' arguments, and we reach the same conclusion as did the hearing justice (*viz*., that Ms. Ricci is entitled to the protections of the LEOBOR statute)—but we reach that conclusion by a somewhat different analytical route. *See, e.g.*, *Meyer v. Meyer*, 68 A.3d 571, 581-82 n.8 (R.I. 2013) ("On numerous occasions, this Court has affirmed trial court rulings on grounds other than those relied upon by the trial court.") (citing several cases); *State v. Brown*, 900 A.2d 1155, 1161 (R.I. 2006).

In our opinion, the definitional language set forth in § 42-28.6-1(1) is unambiguous and does not exclude Ms. Ricci from LEOBOR coverage.[7] Our

---

[7] Although it is unnecessary for us to discuss the point at length, we would simply comment that we would have reached the same conclusion as to the import of the statutory language at issue if we had deemed it to be ambiguous. *See Sauro*

conclusion is predicated upon the venerable and useful "*expressio unius est exclusio alterius*" principle.[8]  *See, e.g.*, *Murphy v. Murphy*, 471 A.2d 619, 622 (R.I. 1984) (relying on "the rule of construction that states that an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed"); *see also Terrano v. State, Department of Corrections*, 573 A.2d 1181, 1183 (R.I. 1990); *Centazzo v. Centazzo*, 509 A.2d 995, 998 (R.I. 1986).  We focus on the fact that the General Assembly quite deliberately exempted a very few specific positions from LEOBOR's otherwise broad scope—*viz*., "the chief of police" as well as "the highest ranking sworn officer" of certain departments and "the director and deputy director of the airport corporation of Rhode Island."  Section 42-28.6-1(1).  By contrast, that statute made no mention whatsoever of the position of Deputy Chief.

Pursuant to the plain language of § 42-28.6-1(1), the position of Chief is expressly excluded from the protections accorded by LEOBOR.  That was the General Assembly's expressed intent so that the position of Chief is excluded

---

*v. Lombardi*, 178 A.3d 297, 305 (R.I. 2018) (concluding that the ordinance at issue in that case was clear and unambiguous and then proceeding to "note that, had we found ambiguity, we would have reached the same conclusion").

[8]  The referenced principle of statutory interpretation that is often quoted in Latin has been translated into English as follows: "The express mention of one person or thing is the exclusion of another."  *Latin for Lawyers* 146 (Sweet & Maxwell Ltd., 3d ed. 1960); *see generally* 2A Norman Singer & Shambie Singer, *Sutherland Statutes and Statutory Construction* § 47:23 (7th ed. 2021) ("In practice * * * all versions of the *expressio unius* rule reflect the same common-sense premise that when people say one thing, they do not mean something else.").

regardless of whether or not it is actually filled at any particular point in time. Significantly, the statute makes absolutely no reference to the position of Deputy Chief—which is the only position that Ms. Ricci ever held as a member of the RIAPD. Applying the *expressio unius* maxim, it is evident that the General Assembly deliberately chose not to deprive the Deputy Chief of LEOBOR protection. And it is not this Court's role to modify what the General Assembly has drafted. *See Brown & Sharpe Manufacturing Co. v. Dean*, 89 R.I. 108, 116-17, 151 A.2d 354, 358 (1959) ("[I]f the language of a statute is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed to be the one which the legislature intended. In such cases the statute must be interpreted literally. We cannot change the clear meaning of such language."); *see also State v. Bryant*, 670 A.2d 776, 779 (R.I. 1996) ("[N]either the trial justice nor this court has any authority to supplement or to amend a statute enacted by the General Assembly.").

As for the remaining portion of the statutory definition of law enforcement officer in § 42-28.6-1(1) (*i.e.*, "and/or the highest ranking sworn officer of any of the departments"), we view those words as being entirely inapplicable to Ms. Ricci. In our judgment, "the highest ranking sworn officer" would logically refer to any sworn officer who might be formally designated as Acting Chief—something that did not happen in Ms. Ricci's case. In our view, that term does not refer to the holder of the

position of Deputy Chief (*viz.*, Ms. Ricci in the instant case), regardless of what duties that person may at one time or another have performed. The position of Deputy Chief is a formally recognized position that could easily have been alluded to by the General Assembly as an exception to the LEOBOR statute if it had chosen to do so. Unquestionably, the General Assembly had the right to provide that the position of Deputy Chief would be exempt from LEOBOR coverage just as the position of Chief was exempted. But it did not choose to do so, and it certainly is not our role to add to or subtract from what the General Assembly has decided to do. *See Castelli v. Carcieri*, 961 A.2d 277, 285 (R.I. 2008) ("It is not the proper role of the judiciary to bestow rights or to take them away.").

The General Assembly showed itself fully capable of writing with specificity. The drafters of the statute spoke with specificity in excluding from LEOBOR coverage "the chief * * *." Section 42-28.6-1(1). The exclusions from that statutory grant of rights are few in number and involve only very high-ranking individuals. Significantly, however, it made no reference to the Deputy Chief. It is important to bear that context in mind. *See In re Brown*, 903 A.2d at 150 ("When we determine the true import of statutory language, it is entirely proper for us to look to the sense and meaning fairly deducible from the context.") (internal quotation marks omitted); *In re Tavares*, 885 A.2d at 146 ("Statutory construction is a holistic enterprise * * *.") (internal quotation marks omitted).

- 12 -

We also are impressed by the breadth of the language used in the statutory definition—most notably its use of the word "any."[9]  Notably, the statutory definition of "law enforcement officer" expressly uses the broadly inclusive word "any" before it makes mention of a very limited number of positions that are excluded from coverage.  Section 42-28.6-1(1); *Cf. America Condominium Association, Inc. v. Mardo*, 270 A.3d 612, 624 (R.I. 2022) (construing the word "all" in a contractual agreement relative to attorneys' fees as "encompass[ing] the entirety of attorneys' fees"); *Town of Redding v. Georgetown Land Development Co., LLC*, 251 A.3d 980, 990 (Conn. 2020) ("There cannot be any broader classification than the word all[;] * * * [i]n its ordinary and natural meaning, the word all leaves no room for exceptions.") (internal quotation marks omitted).  The entire scope of the LEOBOR statute is expansive and broad.

We would also emphasize the important point that the LEOBOR statute is remedial in nature.  As such, it is to be liberally interpreted.  *See deZahara v. Weiss*,

---

[9]    It will be recalled that, before referencing certain very limited exceptions from the scope of the LEOBOR statute, § 42-28.6-1(1) defines the term "law enforcement officer" as meaning:

> "*any* permanently employed city or town police officer, state police officer, permanent law enforcement officer of the department of environmental management, or those employees of the airport corporation of Rhode Island who have been granted the authority to arrest by the director of said corporation."  (Emphasis added.)

- 13 -

516 A.2d 879, 880 (R.I. 1986) ("When a statute is remedial, it should be construed liberally to achieve effectuation of the relief it is meant to provide."); *see also Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231, 239 (R.I. 2004). In that vein, it is clear that the LEOBOR statute reflects a legislative intent to generously accord significant rights to law enforcement officers as a class.

In our judgment, Ms. Ricci is fully entitled to the protections granted to law enforcement officers in the LEOBOR statute. Because the defendants did not comply with the provisions of § 42-28.6-4(a) and terminated Ms. Ricci in violation thereof, she is entitled to all of the salary and benefits she would have received had she not been wrongfully terminated.

For that reason, the Superior Court's mandatory injunction (presently stayed) is unnecessary and may be vacated.

## IV

## Conclusion

The defendants strive mightily to assert that Ms. Ricci was in effect the *de facto* Acting Chief due to the fact that she performed certain supervisory duties while the position of Chief was vacant; and, on that basis, they contend that Ms. Ricci is not covered by the LEOBOR statute. We are unpersuaded by that argument. The plain blunt fact is that Ms. Ricci at all relevant times was accorded the title of Deputy Chief and only that title—regardless of what duties she might have performed out of

necessity while the position of Chief was vacant.  Similarly, the fact that Ms. Ricci may on an occasion have asserted that she was in effect Acting Chief does not derogate from the fact that her only designated position was that of Deputy Chief.

For the reasons set forth in this opinion, we affirm the order of the Superior Court in part, we vacate that order in part, and we remand the case to the Superior Court with instructions that it order compliance with the provisions of § 42-28.6-4 and restoration of Ms. Ricci's salary and benefits to the *status quo ante*.  At the same time, we vacate the mandatory injunction that was previously granted (and subsequently stayed) by the hearing justice.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Helen Ricci v. Rhode Island Commerce Corporation et al. |
| **Case Number** | No. 2021-140-Appeal. (WC 20-502) |
| **Date Opinion Filed** | June 21, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Presiding Justice Alice B. Gibney |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Joseph F. Penza, Jr., Esq. <br> For Defendants: <br><br> Joseph D. Whelan, Esq. |